[Crim. No. 3290. In Bank.—March 26, 1930.]

THE PEOPLE, etc., Respondent, v. GERMAN GUZMAN, Appellant.

Trujillo & Eriksson and Albert Trujillo for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

THE COURT.— ■ The defendant, in company with two other men, was discovered by the police in the city of Riverside, county of Riverside, at about the hour of 6 o'clock A. M., January 1, 1929, in a condition which indicated that they were under the influence of intoxicating liquor. Upon being accosted by said officers the defendant was seen to take an instrument from his pocket and lay it behind a small bush. The instrument which he had attempted to conceal was a pistol having a barrel less than twelve inches in length and capable of being concealed upon the person. By the information filed against him he was charged with having unlawfully in his possession a firearm having a barrel less than twelve inches in length and capable of being concealed upon the person, he being then and there a foreign-born person and not a naturalized citizen of the United States. (Stats. 1923, chap. 339, p. 696.) He waived a trial by jury and was found guilty by the court of the crime charged in the indictment. The defendant offered no evidence either as to the country of his nativity or as to his naturalization. The power of the legislature to enact section 1983 of the Code of Civil Procedure is challenged. This is the only question raised by the appellant. We have, in the case of *People* v. *Osaki, ante,* p. 169 [286 Pac. 1025], this day filed, passed upon the validity of said section, as well as upon all other questions which are germane to the point raised by appellant's appeal.

Placing our decision upon the grounds stated in that case, which are applicable to the instant case, it follows that the judgment and orders appealed from must be affirmed. It is so ordered: