[Crim. No. 115.   Fourth Appellate District.—February 16, 1931.]

THE PEOPLE, Respondent, v. JUAN CORTEZ, Appellant.

J. F. O'Sullivan for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was charged, by an information filed by the district attorney of Fresno County, with the crime of possession by an unnaturalized foreign-born person of a firearm capable of being concealed about his person. The jury returned a verdict of guilty and judgment was pronounced upon him. His motion for a new trial was denied. This appeal was taken from the judgment and from the order denying the motion for a new trial.

Appellant presents but one ground upon which he urges a reversal of the judgment. Evidence was introduced of the arrest of appellant and the finding of the firearm in his possession. Over his objection the People were permitted to introduce an extrajudicial statement made by him in which he admitted his foreign nativity and that he had

not been naturalized. This ruling is complained of by him. He maintains that while section 1983 of the Code of Civil Procedure places upon him the burden of proving, either that he was not a foreign-born person, or that if foreign-born, he was naturalized, this section does not change the rule announced in the case of *People* v. *Quarez,* 196 Cal. 404 [238 Pac. 363], that the extrajudicial statements of a defendant cannot be used to establish any part of the *corpus delicti* of the crime charged. He urges that the People, as a part of the *corpus delicti,* must prove both alienage and lack of naturalization, as well as possession of the weapon.

The Quarez case was decided before the adoption of section 1983 of the Code of Civil Procedure. To hold that the People must prove alienage and lack of naturalization in cases of this kind, as a part of the *corpus delicti,* would in effect nullify the provisions of this section. This contention of appellant has been decided adversely to him in the cases of *People* v. *Osaki,* 209 Cal. 169 [286 Pac. 1025, 1034], *People* v. *Guzman,* 209 Cal. 783 [286 Pac. 1037], and *People* v. *Bruno,* 209 Cal. 782 [286 Pac. 1037]. In the Osaki case the court said: "Conceding, as contended by appellants, that foreign nativity forms a part of the *corpus delicti,* the allegations of the indictment that the defendant was an alien not eligible to citizenship must be taken as true in the absence of proof to the contrary."

In the instant case appellant offered no evidence on this question. In the Bruno case the court said: "The objections made as to the validity of the judgment are, in the main, the same as those urged in the case of *People* v. *Guzman,* (Cal.) 286 Pac. 1037, this day filed with the additional assignment of the introduction in evidence of the extrajudicial statement, made at the time of his arrest, that he was of foreign birth. Whether or not this statement was admissible is not important in view of section 1983, Code of Civil Procedure, which placed the burden upon him to prove that he was a citizen of the United States and was, therefore, entitled to exercise all of the prerogatives of citizenship. The appellant offered no evidence whatever as to that issue."

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.