[Civ. No. 8366.   Third Dist.   Oct. 21, 1953.]

W. K. EPHRAIM, Petitioner, v. JAMESTOWN JUDICIAL DISTRICT COURT, Respondent; THE PEOPLE, Real Party in Interest.

H. J. Kleefisch and Reed M. Clarke for Petitioner.

T. R. Vilas, District Attorney (Tuolumne), for Respondent.

PEEK, J.—On December 19, 1949, a complaint was filed in the respondent court charging petitioner with a violation of section 204 of the Labor Code of this state in that he had failed to maintain a semimonthly pay roll for his employee during the period of August 19th to August 27th of that year. The petitioner appeared, entered a plea of not guilty and demanded a jury trial. On August 11, 1950, the case not

having been set for trial, he again appeared in said court and moved that the complaint be dismissed pursuant to the provision of section 1382 (3) of the Penal Code for failure to bring the cause to trial within 30 days, which motion was granted. Three days thereafter a second complaint was issued in which petitioner was again charged with a violation of section 204 of the Labor Code, and in addition was charged with violations of sections 202, 216(a) and 270 of the same code. More than two and one-half years thereafter he filed in this court his petition by which he now seeks to prohibit respondent court from further proceedings in said action.

In support thereof he makes three contentions: (1) That the dismissal of the first complaint operates as a bar to the prosecution under the second complaint since the offenses therein set forth all arose out of and are included in the offense charged in the first complaint; (2) that the penal provisions of said section 216(a) are unconstitutional in that they are in violation of article I, section 15 of the Constitution of this state prohibiting imprisonment for debt, and (3) that the trial court erred in refusing the application of petitioner for a change of venue predicated upon the charge of bias and prejudice of the judge of said respondent court, citing Penal Code, section 1431(1).

An examination of the record shows that the specific crime charged in the first complaint, which was sworn to by one John F. Graham, Sr., was that petitioner on the 26th day of August, 1949, wilfully and unlawfully continued to employ the said John F. Graham, Sr., without maintaining semimonthly paydays for said employee as required by section 204 of the Labor Code of the State of California.

The second complaint which was sworn to by John Graham, Jr., charged in the first count thereof that petitioner, having the ability to pay, refused to pay wages to John Graham, Jr., John Graham, Sr., C. F. Porter, Jr., and Jerry P. Graham when the same were demanded of him. [§ 216(a).]

Count two of said complaint charged that petitioner wilfully and unlawfully failed to pay John Graham, Jr., C. F. Porter, Jr., and Jerry P. Graham semimonthly. [§ 204.]

Count three of that complaint charged that petitioner wilfully and unlawfully, while engaged in the business of extracting and refining metals, failed to have on hand or on deposit cash or readily salable securities sufficient to pay the wages of the persons employed in such operation. [§ 270.]

Lastly count four charged that petitioner wilfully and unlawfully failed to pay John Graham, Jr., John Graham, Sr., C. F. Porter, Jr., and Jerry P. Graham within 72 hours after the said employees quit their employment with petitioner. [§ 202.]

It is the general rule in this state that " 'It is not the great similarity in most of the facts constituting separate offenses but the presence of a fact necessary in one offense and absent in another that determines whether offenses are separate.' " (*People* v. *Coltrin*, 5 Cal.2d 649, 661 [55 P.2d 1161].)

Analyzing the two complaints in light of the enunciated rule, it is apparent that the sole offense charged in the first complaint was the alleged failure of petitioner to maintain a semimonthly pay roll as prescribed in Labor Code, section 204. The offense so charged is identical to that charged in count two of the second complaint. The only difference in the two violations is that the name of John F. Graham, Sr., is the only name appearing in the first complaint while in the second count of the second complaint his name does not appear but the names of John Graham, Jr., C. F. Porter, Jr., and Jerry P. Graham were set forth.

In each instance the essence of the crime charged was in no way connected with a failure to pay a particular employee but was a failure to maintain a semimonthly pay roll. Hence the violation charged in count two of the second complaint was identical with the crime charged in the first complaint which was dismissed. It necessarily follows, under the provisions of section 1387 of the Penal Code, that the dismissal thereof operates as a bar to further prosecution.

At the outset of further discussion concerning the remaining counts it should be noticed that count four of the complaint charges a violation of section 202 of the Labor Code. That section specifically provides:

"If an employee not having a written contract for a definite period quits his employment, his wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting."

Section 203 provides in part that if an employer wilfully fails to pay in accordance with section 202, "the wages of such employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor

is commenced; but such wages shall not continue for more than thirty days . . ." and that "Suit may be filed for such penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

It is further provided in section 217:

"The Division of Labor Law Enforcement shall inquire diligently for any violations of this article, and, in cases which it deems proper, shall institute the actions for the penalties provided for in this article and shall enforce this article."

Thus it would appear that by the three sections last mentioned the Legislature has first determined that under certain conditions employees who quit shall be paid within certain time limits as set forth (§ 202); second, that failure to so pay shall invoke the penalty provisions of section 203, and third, that under the provisions of section 217 the Division of Labor Law Enforcement is designated as the agency to institute actions for the recovery of the penalties. But in none of said sections is the violation of section 202 made a crime such as would bring a violator thereof within the criminal jurisdiction of the respondent court.

■ However, such is not the case with counts one and three of the second complaint. The necessary elements of those crimes are wholly separate and distinct from that charged in count two. Illustrative of this is the fact that the wilful failure to pay wages as charged in the first count (Lab. Code, § 216(a), in no way includes any of the elements necessary to prove that petitioner failed to maintain a semimonthly pay roll as charged in count two or that he did not have assets sufficient to pay his employees in accordance with section 270 as charged in the third count. While the dismissal of the first complaint would bar further proceedings under count two of the second complaint, such dismissal would not bar prosecution of the offenses charged in counts one and three since they were separate and distinct offenses.

■ The precise point raised by petitioner in his next contention was determined adversely to him by the Supreme Court in the case of *In re Trombley,* 31 Cal.2d 801 [193 P.2d 734]. There the court, in holding that section 216 of the Labor Code was constitutional, stated that "The word 'wilfully' as used in criminal statutes implies a purpose or willingness to commit the act (Pen. Code, § 7, subd. 1), and although it does not require an evil intent, it implies that the person knows what he is doing, intends to do what he is doing and

is a free agent." [P. 807.] ██ Hence, when subdivision (a) of section 216 of the Labor Code is construed together with the above mentioned Penal Code section defining the word "wilful" an employer having the ability to pay who knowingly and intentionally refuses to pay wages which he knows are due, is guilty of a crime denounced by that section. The court therein further observed that the historical background of the constitutional provision shows that the provisions were adopted to protect the poor but honest debtor who is unable to pay his debts, but such guarantees "were not intended to shield a dishonest man who takes an unconscionable advantage of another." ██ Under such circumstances the employer who wilfully refuses to pay wages he knows are due, perpetrates a fraud within the meaning of the provision which excepts cases of fraud from the prohibition against imprisonment for debt.

██ The same conclusion must follow as regards the alleged violations of section 270. No element of wilful failure to pay wages is present. The crime consists in not having sufficient money or securities on deposit or on hand to pay the wages of all persons employed on the mining property or in connection therewith. Therefore neither violations would come within the constitutional prohibition.

By reason of the concession made by respondent, that since he believes petitioner is entitled to a change of venue and that the case should be transferred to an adjoining township, it becomes unnecessary to discuss petitioner's final contention.

The writ is granted insofar as it pertains to any proceeding under counts two and four of the second complaint. The writ is denied insofar as it pertains to counts one and three of said second complaint, and the cause is remanded to respondent court with instructions to transfer the same to the Justice Court of the First Judicial District.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied November 19, 1953.