[Civ. No. 12610. Third Dist. May 25, 1970.]

MARION FRANCIS DEWOODY, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Donald G. McCallum for Petitioner.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Roger E. Venturi, Deputy Attorneys General, for Respondent and for Real Party in Interest.

**OPINION**

**FRIEDMAN, J.**—Petitioner seeks a writ of prohibition to restrain the superior court from trying him on a felony charge of driving while under the influence of intoxicating liquor. (Veh. Code, § 23101.) He charges violation of his substantial rights through the ex post facto application of a new statute utilizing blood-alcohol test results as the basis of a presumption that he drove under the influence of intoxicating liquor.

At its 1969 regular session, the Legislature adopted a bill to add section 23126 to the Vehicle Code, creating a presumption of driving under the influence of intoxicating liquor upon evidence of a prescribed quantum of alcohol in the driver's blood.[1] The bill was signed by the Governor and

---

[1] Vehicle Code section 23126 provides: "(a) Upon the trial of any criminal action, or preliminary proceeding in a criminal action, arising out of acts alleged to have been committed by any person while driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time of the test as shown by chemical analysis of his blood, breath, or urine shall give rise to the following presumptions affecting the burden of proof:

"(1) If there was at that time less than 0.05 percent by weight of alcohol in the person's blood, it shall be presumed that the person was not under the influence of intoxicating liquor at the time of the alleged offense.

"(2) If there was at that time 0.05 percent or more but less than 0.10 percent by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining whether the person was under the influence of intoxicating liquor at the time of the alleged offense.

"(3) If there was at that time 0.10 percent or more by weight of alcohol in the

filed with the Secretary of State on June 24, 1969, as Statutes of 1969, chapter 231. The legislative session adjourned on September 10, 1969. By force of the referendum provisions of the State Constitution, chapter 231 did not take effect until the 61st day after adjournment, that is, November 10, 1969. (See Cal. Const., art. IV, §§ 8(c), 23.)

The accident giving rise to petitioner's prosecution occurred on September 4, 1969, after the new presumption law had been approved but before its effective date. The criminal complaint was filed October 22, 1969. At defendant's preliminary examination on January 27, 1970, the prosecution produced the testimony of a criminalist that defendant's blood contained 0.12 percent by weight of alcohol after the accident. Over a defense objection, the prosecutor invoked and the magistrate applied the presumption of influence of intoxicating liquor established by subdivision (a)(3) of the new statute. Petitioner was then bound over for trial and a felony information filed.

■ An information must be set aside if the defendant has not been legally committed by the magistrate. (Pen. Code, § 995.) An illegal commitment results when the defendant has been denied a substantial right during the preliminary examination. (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 874 [59 Cal.Rptr. 440, 428 P.2d 304].) ■ Petitioner contends that ex post facto invocation of the new presumption permitted the prosecution to dispense with evidence of his impaired driving ability, thus depriving him of a substantial right.

Article I, section 10, of the federal Constitution prohibits the states from passing ex post facto laws. Article I, section 16, of the California Constitution declares that no ex post facto law "shall ever be passed." ■ An ex post facto law is a retrospective law applying to crimes committed before its enactment "which by its necessary operation and 'in its relation to the offense, or its consequences, alter the situation of the accused to his disadvantage.'" (*Thompson* v. *Utah* (1898) 170 U.S. 343, 351 [42 L.Ed. 1061, 1066, 18 S.Ct. 620]; *People* v. *Ward* (1958) 50 Cal.2d 702, 707 [328 P.2d 777, 76 A.L.R.2d 911].) ■ Both the federal and state prohibitions are aimed at the *passage* of legislation. Conceivably, Vehicle Code section 23126 was not retrospective in relation to petitioner's alleged offense because it had been "passed" prior to that offense, that is, the last

---

person's blood, it shall be presumed that the person was under the influence of intoxicating liquor at the time of the alleged offense.

"(b) Percent by weight of alcohol in the blood shall be based upon grams of alcohol per 100 milliliters of blood.

"(c) The foregoing provisions shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of intoxicating liquor at the time of the alleged offense."

act necessary to its passage had occurred on June 24, 1969, when the Governor signed the bill and filed it with the Secretary of State.

California's 60-day deferment in the effective date of non-urgency legislation preserves the electors' opportunity to mount a referendum before the legislation goes into effect. The constitutional ex post facto prohibitions were framed, of course, long before the advent of the referendum system. Without reference to crimes committed during such a period of deferment, the decisions refer variously to an ex post facto law either as one passed or one which becomes effective after the crime. (16A C.J.S., pp. 142-143.)

In relation to the ex post facto restriction, we have concluded that the statute was passed not when the Governor signed it but when it became an effective law. Where the Legislature amends a criminal law without specifying an effective date, it does so in contemplation of the effective date fixed by the State Constitution. (*People* v. *Righthouse* (1937) 10 Cal.2d 86, 88 [72 P.2d 867].) Until the effective date, the law-making power (including the people acting under the referendum) has not exercised a final choice in the matter. "[A] statute has no force whatever until it goes into effect pursuant to the law relating to legislative enactments. It speaks from the date it takes effect and not before. Until that time it is not a law and has no force for any purpose." (*Ibid.*, p. 88.)

■ A change in the rules of evidence or procedure is not ex post facto unless it deprives the defendant of a substantial protection. (*Beazell* v. *Ohio* (1925) 269 U.S. 167, 171 [70 L.Ed. 216, 218, 46 S.Ct. 68]; *People* v. *Ward* (1958) 50 Cal.2d 702, 709-710 [328 P.2d 777].) Thus a new rule of evidence which admits evidence not previously admissible or which extends competency to a witness may validly operate in the trial of a prior offense. (*Thompson* v. *Missouri* (1898) 171 U.S. 380 [43 L.Ed. 204, 18 S.Ct. 922]; *People* v. *Bradford* (1969) 70 Cal.2d 333, 343-344, fn. 5 [74 Cal.Rptr. 726, 450 P.2d 46].) Nevertheless, a law is ex post facto which permits the defendant's conviction upon "less proof, in amount or degree," than was required at the time of the offense. (*Thompson* v. *Missouri, supra,* 171 U.S. at p. 387 [43 L.Ed. at p. 207]; *Hopt* v. *Utah* (1884) 110 U.S. 574, 588-589 [28 L.Ed. 262, 268, 4 S.Ct. 202]; see *People* v. *Osaki* (1930) 209 Cal. 169, 197 [286 P. 1025]; *People* v. *Guzman* (1930) 209 Cal. 783 [286 P. 1037].)

■ Applied in defendant's prosecution, section 23126 permitted the prosecution to produce "less proof, in amount or degree" than the law prevailing at the time of the offense. Its implicit but obvious purpose is to facilitate proof of the crime. Under the former law the prosecution had the burden of proving beyond a reasonable doubt every element of the crime, including alcohol-impaired driving ability. (See *People* v. *Haeussler*

(1953) 41 Cal.2d 252, 261-263 [260 P.2d 8]; *People* v. *Clark* (1962) 202 Cal.App.2d 513, 516 [20 Cal.Rptr. 803].) Where it relied upon a chemical test for alcohol, the prosecution had to produce, in addition to the test result, evidence of impaired faculties. That state of the law gave the defendant an option of silence. Instead of supplying evidence of sobriety, he could argue to the jury that the prosecution had failed to prove his insobriety beyond a reasonable doubt.

According to its explicit terms, the presumption created by section 23126 is one "affecting the burden of proof." The presumption permits the prosecution to rest upon proof of the initial fact, i.e., the chemical test; the defendant is then forced to produce evidence raising a reasonable doubt of the presumed fact, which is to say, evidence which raises a reasonable doubt of his presumed insobriety. (Evid. Code, § 607[2]; *People* v. *Hampton,* 236 Cal.App.2d 795, 804 [46 Cal.Rptr. 338].) If he fails to do so, the jury will be at liberty to find the truth of the presumed fact, that is, that he was under the influence of intoxicating liquor. (Cal. Jury Instructions Criminal (3d ed. 1970) No. 12.61; Law Revision Commission comment following Evid. Code, § 607; Witkin, Cal. Evidence (2d ed. 1966) pp. 202-203.) Thus section 23126 permits the prosecution to produce evidence of one fact, where it formerly produced evidence of two. If it does not completely obliterate the defendant's option of silence, it intensifies the risk entailed by its exercise. Applied in petitioner's case, it amounted to an ex post facto law and deprived him of a substantial right.

Let a writ of prohibition issue as prayed.

Pierce, P. J., and Janes, J., concurred.

A petition for a rehearing was denied June 22, 1970, and the petition of the respondent and the real party in interest for a hearing by the Supreme Court was denied July 22, 1970.

---

[2]Evidence Code section 607 provides: "When a presumption affecting the burden of proof operates in a criminal action to establish presumptively any fact that is essential to the defendant's guilt, the presumption operates only if the facts that give rise to the presumption have been found or otherwise established beyond a reasonable doubt and, in such case, the defendant need only raise a reasonable doubt as to the existence of the presumed fact."