[Civ. No. 22237. Fourth Dist., Div. One. May 1, 1980.]

MAGNETIC ARTS CORPORATION, Plaintiff and Respondent, v.
DEPARTMENT OF INDUSTRIAL RELATIONS,
Defendant and Appellant.

418

COUNSEL

Louis Giannini, Guy T. Gurney, Charlotte C. Danforth, Richard N. Dinallo, John C. Herbert, Ann Miley, Ramon Yuen-Garcia and Frank C. S. Pedersen for Defendant and Appellant.

Kinch & Marino and Allan B. Kinch for Plaintiff and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Magnetic Arts Corporation (MAC), operating in violation of state law requiring workers' compensation insurance,[1] was served with a stop order prohibiting the use of employee labor and charged a statutory penalty by the Department of Industrial Relations (Department), under Labor Code section 3710.1.[2] When MAC refused to comply with the Department's order, misdemeanor charges were brought by the district attorney's office against the company's president, Arthur Devine, under Labor Code section 3710.2.[3] Pursuant to a plea bargain, MAC was joined as a defendant in the criminal proceedings and all counts against Devine (including the § 3710.2 violation

---

[1]Labor Code section 3700 et seq.

[2]Labor Code section 3710.1 provides: "Where an employer has failed to secure the payment of compensation as required by this article, the director or his designated agents shall issue a stop order prohibiting the use of the employee labor by such employer until the employer's compliance with the provisions of this article. Any employee so affected by such work stoppage shall be paid by the employer for such time lost, not exceeding 10 days, pending compliance by the employer. Further, the employer, when penalties for noninsurance at the time of a compensable injury are not applicable, shall pay to the director, for deposit in the State Treasury to the credit of the Uninsured Employers Fund, the sum of one hundred dollars ($100) per employee as an additional penalty for being uninsured at the time such stop order is made by the director or his designated agent. An illegally uninsured employer against whom a claim for a compensable injury has been filed, if a finding is made that the injury is not compensable, shall nevertheless be charged, as a penalty for being illegally uninsured at the time of the claimed injury, the sum of one hundred dollars ($100) per employee employed at the time of the claimed injury, payable to the State Treasury to the credit of the Uninsured Employers Fund. The penalty limit under this section is ten thousand dollars ($10,000)."

[3]Labor Code section 3710.2 provides: "Failure of an employer to observe a stop order issued pursuant to Section 3710.1 is a misdemeanor and makes mandatory on the tribunal before whom the charge of violation of such stop order is tried the imposition of a sentence of imprisonment in the county jail for not less than 10 days and a fine of not less than three hundred dollars ($300). Fines shall be paid into the State Treasury to the credit of the Uninsured Employers Fund. The director or his designated agents may also obtain injunctive and other relief from the courts to carry out the purposes of Section 3710.1."

which was inadvertently denominated 3710.1 in the caption of the complaint) were dismissed "in the interest of justice." MAC pleaded nolo contendere to failing to post a statutorily required notice of compensation insurance coverage (Lab. Code, § 3713) and was ordered to pay a nominal fine.

It is based upon these criminal proceedings that MAC now refuses to pay the original penalty assessment levied against it by the Department. When a penalty lien was filed against MAC to secure payment, it petitioned the superior court for writ of mandate to compel rescission of the lien, claiming the imposition of the civil penalty violates double jeopardy proscriptions. The court below granted the petition and the lien was removed.

■ Mandamus is the proper procedure to compel the Department to rescind action which is beyond its authority (*Aylward* v. *State Board etc. Examiners* (1948) 31 Cal.2d 833, 839 [192 P.2d 929]). MAC suggests the imposition of the penalty in this case is beyond the Department's authority because it violates principles of fairness.

Dismissal of the earlier pending misdemeanor charges is a bar to any further prosecution for the same offense (Pen. Code, §§ 6, 1387, 687). Despite strict application of double jeopardy protections to criminal proceedings in the past (see *People* v. *Silverstein* (1953) 121 Cal. App.2d 140, 143 [262 P.2d 656]), MAC contends the concept of "prosecution" should be extended to include civil penalties because of their quasi-criminal nature (see *Harbor Comm'rs* v. *Redwood Co.* (1891) 88 Cal. 491, 493 [26 P. 375]). However, this argument has been rejected in California. ■ Where the same act constitutes a crime and also gives rise to a civil penalty, the acquittal or dismissal of the criminal offense is not a bar to the civil action (*People* v. *One 1952 Chevrolet* (1954) 128 Cal.App.2d 414, 418 [275 P.2d 509]).

In addition, the civil and criminal proceedings did not even arise from the same act in this case. The original penalty was levied against MAC for operating without compensation insurance covering its employees. The criminal charges against the company's president grew out of his refusal to observe the stop order. Double jeopardy principles prohibit a second prosecution of an individual for the same offense, but nothing precludes the pursuit of a second action based on a separate and distinct culpable act (*Ephraim* v. *Jamestown Judicial Dist. Ct.* (1953) 120 Cal.App.2d 741, 745 [262 P.2d 56]).

A reviewing court may presume the validity of the judgment below, but must reverse where there is no reasonable basis in legal principle for the trial court's action (*Martin* v. *Cook* (1977) 68 Cal. App.3d 799, 807 [137 Cal.Rptr. 434]). The petition for writ of mandate was improperly granted in this case.

Judgment reversed.

Cologne, J., and Staniforth, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 25, 1980.