[Civ. No. 22067. Third Dist. Feb. 22, 1983.]

ELWYN CHESTER WALLACE, Petitioner, v.
THE MUNICIPAL COURT FOR THE CHICO JUDICIAL DISTRICT OF
BUTTE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**[Opinion certified for partial publication.]**

Leverennz, Ward & Sweeney and William A. Ward for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, J. Robert Jibson and Raymond L. Brosterhous II, Deputy Attorneys General, for Real Party in Interest.

OPINION

SPARKS, J.—Penal Code section 853.6, subdivision (e)(3), provides that the failure of the prosecutor to file the notice to appear or a formal complaint in the

municipal or justice court within 25 days of the arrest shall bar prosecution of the misdemeanor charged in the notice to appear. The principal issue in this writ proceeding is whether, for the purposes of the bar of that section, the crime of driving under the influence of an alcoholic beverage or any drug in violation of Vehicle Code section 23152, subdivision (a), is the same offense as driving with a blood-alcohol level of 0.10 percent or more in violation of Vehicle Code section 23152, subdivision (b). We hold that it is not.

Petitioner Elwyn Chester Wallace was arrested for suspected drunken driving on February 15, 1982. He was transported to the Chico Police Department and given a breath test on an Omicron Intoxilyzer. The results of that test were printed on an intoxilyzer test record. The arresting officer prepared a notice to appear upon which was written "DUI of an alcoholic beverage" and which specified the offense as a violation of Vehicle Code section 23152, subdivision (a). Wallace signed the notice to appear, was given a copy, and was then released.

On February 16, 1982, the notice to appear, together with an arrest and investigation report, and the intoxilyzer test record, was delivered to the Butte County District Attorney's office. The prosecutor added as count II a charge of a violation of Vehicle Code section 23152, subdivision (b), driving with a blood-alcohol level of 0.10 percent or above.[1] He then filed the amended notice to appear in the municipal court on March 26, 1982, some 39 days after petitioner's arrest.

Wallace moved to dismiss the charges against him under Penal Code section 853.6, subdivision (e)(3), on the ground that the prosecutor had not filed the notice or a complaint within 25 days of his arrest. The municipal court dismissed count I, but refused to dismiss count II. Wallace sought a writ of prohibition from the superior court. In that writ proceeding, petitioner unsuccessfully argued that the two subdivisions of Vehicle Code section 23152 state the identical offense for purposes of the bar of Penal Code section 853.6, subdivision (e)(3). The superior court held that the bar to prosecution of count I did not bar prosecution as to count II and denied the petition. Petitioner now also argues that "when the notice to appear contains a misdemeanor violation alleged by the arresting officer, and a misdemeanor alleged by the prosecutor, *at the time it is filed,* prosecution of both are barred when the notice has not been filed within 25 days of the time of the arrest." (Italics in original.) He also claims, but without any citation of authority, that Penal Code section 853.6,

---

[1] No contention is raised here concerning the authority of the prosecutor to "amend" the notice to appear by adding an additional charge to it instead of filing a complaint charging both crimes. (Cf. Pen. Code, § 1009.) Accordingly, we are not called upon to resolve the validity of such an amendment. For reasons expressed in the body of our opinion, however, we have grave doubts that such a procedure is statutorily authorized.

subdivision (e)(3), constitutes a statute of limitations for all misdemeanor offenses, imposing a mandatory period within which the accusatory pleading must be filed when the accused is released on a notice to appear.

I

The first question presented is whether a violation of Vehicle Code section 23152, subdivision (b), driving with a blood-alcohol level of 0.10 or above, is the "offense charged in the notice to appear" within the meaning of Penal Code section 853.6, subdivision (e)(3), when the original notice to appear charges a violation of Vehicle Code section 23152, subdivision (a), driving under the influence of an alcoholic beverage or any drug.

Vehicle Code section 40302 provides that whenever any person is arrested for certain nonfelony Vehicle Code violations, including drunk driving, the arrested person shall be taken without unnecessary delay before a magistrate.[2] Vehicle Code section 40307 provides, among other things, that when a magistrate or a person authorized to act for him is not available, then the arresting officer may take the arrestee before the officer in charge of the most accessible county or city jail or other place of detention within the county and the arrestee shall be admitted to bail in accordance with a fixed schedule or released on his written promise to appear as provided in Penal Code section 853.6, subdivisions (a) through (f).

Penal Code section 853.6 prescribes the procedure for release of accused misdemeanants upon written notice to appear. Specifically of interest here is subdivision (e) of that section, which directs that the officer shall, as soon as practicable, file a duplicate notice with the magistrate if the offense is an infraction or the prosecuting attorney has previously directed the officer to do so; otherwise the notice and underlying police reports are to be filed with the prosecuting attorney. That subdivision further states: "If the duplicate notice is filed with the prosecuting attorney, he or she, within his or her discretion, may

---

[2]In fact, in 1982 Vehicle Code section 40302 referred to misdemeanor drunk driving by its former code section number, that being former Vehicle Code section 23102. Misdemeanor drunk driving is now, and since 1981 has been, a violation of section 23152. Section 40302 was not amended with the 1981 amendment of California's drunk driving laws. That failure was an obvious legislative oversight. Consequently it must be held that section 40302 remains applicable to misdemeanor drunk driving offenses under Vehicle Code section 23152. (See *In re Thierry S.* (1977) 19 Cal.3d 727, 741, fn. 13 [139 Cal.Rptr. 708, 566 P.2d 610].) In amending the statutory scheme for the treatment of drunk drivers the Legislature provided that a reference to a prior conviction of section 23152 shall include a prior conviction of section 23102 or 23105. (Stats. 1981, ch. 940, § 45, subd. (b).) It thus appears that the Legislature intended to equate a violation of section 23102 with a violation of section 23152 for purposes of the Vehicle Code. Finally, we note that the Legislature in 1982 as an urgency measure effective February 18, 1982, expressly corrected the oversight by amending Vehicle Code section 40302 to refer to Vehicle Code section 23152, the new drunk driving statute. (Stats. 1982, ch. 53, No. 1 West's Legis. Service, p. 283; No. 2 Deering's Adv. Legis. Service, p. 237.)

initiate prosecution by filing the notice or a formal complaint with the magistrate specified therein within 25 days from the time of arrest. If the prosecution is not to be initiated, the prosecutor shall send notice to the person arrested at the address on the notice to appear. The failure by the prosecutor to file the notice or formal complaint within 25 days of the time of arrest shall bar further prosecution of the misdemeanor charged in the notice to appear."[3]

The appellate courts of this state have not yet had the opportunity to consider the meaning and effect of Penal Code section 853.6, subdivision (e)(3), in the context of the new drunk driving statutes. The concept is not new, however. Statutory provisions have long provided for dismissal of actions for various reasons, including the failure to bring the case to trial within a statutorily prescribed time. (See Pen. Code, § 1382.) Penal Code section 1387, for example, provides that dismissal of a misdemeanor case for certain reasons, including the failure to prosecute timely under Penal Code section 1382, is a bar to further prosecution for the same offense. ▮ The purpose of the speedy trial provisions of Penal Code section 1382 and the time requirements on commencing prosecution by filing the notice to appear or a complaint are the same, that is, to promote the orderly administration of justice and to ensure the prompt disposition of misdemeanor charges. Accordingly the bar of section 853.6, subdivision (e)(3), like the bar of section 1387, must be held to be mandatory without regard to whether actual prejudice may be shown. (See *In re Smiley* (1967) 66 Cal.2d 606, 632 [58 Cal.Rptr. 579, 427 P.2d 179].)

▮ The Attorney General concedes that the notice to appear was not filed with a magistrate within 25 days of Wallace's arrest and that prosecution for the offense of violation of Vehicle Code section 23152, subdivision (a), the "misdemeanor charged in the notice to appear," is barred. He contends, however, that a violation of Vehicle Code section 23152, subdivision (b), cannot be considered the misdemeanor charged in the notice when the notice charges "DUI of an alcoholic beverage" and cites only Vehicle Code section

---

[3]As originally enacted, Penal Code section 853.6 provided only that the officer was to file the notice with the magistrate "as soon as practicable." (Stats. 1959, ch. 1558, § 1, p. 3888.) Effective January 1, 1981, that section was amended to require the officer to file the notice with the prosecutor and to require the prosecutor, within his discretion, to initiate prosecution by filing the notice or a complaint with the magistrate within five days of arrest. (Stats. 1980, ch. 1094, § 2, p. 3508.) No express sanction was stated for the failure of the prosecutor to comply. (*Ibid.*) Due to lack of funding for staff some counties were unable to comply with that time constraint, and effective May 8, 1981, the Legislature passed, as an urgency statute, the version of section 853.6 in effect at the time of Wallace's arrest. (Stats. 1981, ch. 28, §§ 1, 5.) In doing so the Legislature provided: "Neither this bill nor Chapter 1094 of the 1980 Statutes is intended to affect procedures governing a written notice to appear which are set forth in the Vehicle Code." (Stats. 1981, ch. 28, § 4.) That provision, however, does not render Penal Code section 853.6, subdivision (e)(3), inapplicable to Wallace, since the Vehicle Code provisions on notice to appear specifically make that section applicable to persons arrested for drunk driving. (Veh. Code, §§ 40302, subd. (d); 40307, subd. (b).)

23152, subdivision (a). As a review of cases dealing with analogous issues reveals, that contention is meritorious.

In the early case of *People* v. *Stephens* (1889) 79 Cal. 428 [21 P. 856], the defendant had been tried and convicted of criminal libel. A second prosecution was commenced again charging him with libel. The basis for the second prosecution was the same publication as the first, but the allegedly libelous words were not the same as in the first action. The Supreme Court held that the first prosecution barred the second. The essential element of the first action was the wrongful publication of language and that was the same in both cases. Accordingly, there was but one criminal offense which could not be split up and prosecuted in parts.

In *Ephraim* v. *Jamestown Judicial Dist. Ct.* (1953) 120 Cal.App.2d 741 [262 P.2d 56], we considered the bar of a misdemeanor dismissal under Penal Code section 1382. In that case an employer had been charged with a violation of Labor Code section 204 in that he had failed to maintain a semimonthly payroll for his employee. The employee was named. That charge was dismissed for failure to bring it to trial within 30 days as required by Penal Code section 1382. Subsequently a second complaint was filed charging four violations of the Labor Code, including a violation of section 204. The count alleging a violation of section 204 provided that the employer had failed to pay his employees semimonthly, and specified four different employees than did the first complaint. This court held that the dismissal of the first complaint barred prosecution on the second complaint for the failure to maintain a semimonthly payroll. Since the charges were identical, it did not make any difference that the employees named were different. (120 Cal.App.2d at p. 744.)[4]

In *People* v. *Aiken* (1951) 108 Cal.App.2d 343 [238 P.2d 1019], this court also considered the effect of the bar to prosecution of Penal Code section 1387. In that case the defendant had been arrested for drunken driving, then a violation of Vehicle Code section 502, a low grade misdemeanor. A subsequent complaint was filed a charging him with a violation of Vehicle Code section 502, and alleging a prior conviction of the same section. This made the charge a high grade misdemeanor. The first complaint was then dismissed. At that time dismissal of a complaint did not bar further prosecution if the dismissal was explicitly stated to be for the purpose of amending the complaint. The dismissal was not explicitly stated to be for that purpose and therefore the dismissal acted as a bar to prosecution for the same offense. This court noted that the parties

---

[4]The other charges in the second complaint were the refusal to pay wages when demanded (Lab. Code, § 216, subd. (a)); failure to have on hand cash or securities sufficient to pay accrued wages (Lab. Code, § 270); and the wilful and unlawful failure to pay wages due within 72 hours of the termination of employment (Lab. Code, § 202). These charges were wholly separate and distinct from the charge in the first complaint and prosecution was not barred due to dismissal of the first action. (*Id.*, at p. 745.)

had stipulated that the same offense was involved in both complaints. We further said that "[t]here can be no question" that was so. (108 Cal.App.2d at p. 345.) Accordingly the dismissal of the first complaint barred prosecution of the second complaint. (*Ibid.*)

█ The general rule which can be distilled from these examples is that when the essence of the offense charged in a second action is the same as the essence of the offense in a previously dismissed action the second action will be barred. (See *Ephraim* v. *Jamestown Judicial Dist. Ct., supra,* 120 Cal.App.2d at p. 744.) █ When the statutory scheme for the punishment of violations of Vehicle Code section 23152, subdivisions (a) and (b), is considered it is clear that they do not charge essentially the same violation.

Vehicle Code section 23152 was enacted as part of a comprehensive legislative scheme to "crack down" on drunken driving. (Stats. 1981, ch. 940.) Prior to January 1, 1982, the operative date of the new legislation, misdemeanor drunken driving and the penalties therefor were provided for in Vehicle Code section 23102. Subdivision (a) of that former section 23102 provided: "It is unlawful for any person who is under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug, to drive a vehicle upon any highway." Subdivision (b) of that repealed section further provided: "It is unlawful for any person who is under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug, to drive a vehicle upon other than a highway."

As a means of enforcing Vehicle Code section 23102, the Vehicle Code provided for presumptions based upon the amount of alcohol in a person's blood at the time of a blood, breath or urine test for such alcoholic content. (Veh. Code, § 23126.) Specifically, if there were less than 0.05 percent by weight it was presumed that the driver was not under the influence. (Former Veh. Code, § 23126, subd. (a)(1).) If there were 0.05 percent or more, but less than 0.10 percent, then there was no presumption. (Former Veh. Code, § 23126, subd. (a)(2).) Finally, if there were 0.10 percent or more, then it was presumed that the person was under the influence at the time of the offense. (Former Veh. Code, § 23126, subd. (a)(3).)[5]

Vehicle Code section 23152, subdivision (a), now provides: "It is unlawful for any person who is under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to

---

[5]The presumption was based upon the blood-alcohol level at the time of the test, and not at the time the accused was driving. Nevertheless, this court upheld the presumptions against constitutional attack, reasoning that a long delay between the driving and the test would work to the accused's benefit, and that in any event the defendant was not precluded from producing evidence to prove his relative sobriety at the earlier time when he was driving. (*People v. Schrieber* (1975) 45 Cal.App.3d 917, 922 [119 Cal.Rptr. 812].)

drive a vehicle." Vehicle Code section 23152, subdivision (b), now provides in relevant part: "It is unlawful for any person who has 0.10 percent or more, by weight, of alcohol in his or her blood to drive a vehicle. . . ."[6] The presumptions relative to driving under the influence of intoxicants in violation of Vehicle Code section 23152, subdivision (a), are now contained in Vehicle Code section 23155. Specifically, at the time of a blood, urine or breath test, if the blood-alcohol level is below 0.05 the person is presumed not to be under the influence; and if the blood-alcohol level is 0.05 percent or above, but less than 0.10 percent, then no presumption arises. As amended in 1981 the code no longer established a presumption for levels of 0.10 percent or above.[7]

It can be seen that the legislative change of the drunken driving laws in 1981 created a new and separate offense for driving with a blood-alcohol level of 0.10 percent or more. Under the former law the prosecution was required to prove beyond a reasonable doubt that the accused was under the influence of alcohol, but was entitled to rely upon a rebuttable presumption that he or she was under the influence when the test revealed a blood-alcohol level of 0.10 percent or more. Under the new legislation the prosecution need only prove that the accused had a blood-alcohol level of 0.10 or more and guilt is established. Thus it is not a defense to a prosecution under Vehicle Code section 23152, subdivision (b), to prove that the driver was not in fact under the influence of an alcoholic beverage or drug. A person is deemed under the influence of such an intoxicant when as a result of its ingestion "his physical or mental abilities are impaired to such a degree that he no longer has the ability to drive a vehicle with the caution characteristic of a sober person of ordinary prudence, under the same or similar circumstances." (CALJIC No. 16.831 (1981 rev.) Supp. Service, pamp. No. 1 (1982) p. 148; *People* v. *Schoonover* (1970) 5 Cal.App.

---

[6]As originally enacted in 1981, Vehicle Code section 23152, subdivision (b), only prohibited driving "upon a highway or upon other than a highway in areas which are open to the general public." (Stats. 1981, ch. 940, § 33.) By an urgency measure that language was deleted effective February 18, 1982, and it is now a crime to drive a vehicle anywhere with a blood alcohol level of 0.10 percent or more. (Stats. 1982, ch. 53, No. 1 West's Cal. Legis. Service, p. 277; No. 2 Deering's Adv. Legis. Service, p. 252.)

[7]In 1982, the Legislature reinstated as an urgency measure effective February 18, 1982, the rebuttable presumption for prosecutions under Vehicle Code section 23152, subdivision (a), by adding a new subsection (3) to subdivision (a) of Vehicle Code section 23155. (Stats. 1982, ch. 53, No. 1 West's Cal. Legis. Service, pp. 277-278, 285; No. 2 Deering's Adv. Legis. Serv. pp. 252, 258.) That subsection now reads: "If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of an alcoholic beverage at the time of the alleged offense."

Also in 1982, the Legislature added a new presumption to Vehicle Code section 23152, subdivision (b). That amendment reads: "In any prosecution under this subdivision, it is a rebuttable presumption that the person had 0.10 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.10 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving." (Stats. 1982, ch. 1337, No. 10 West's Cal. Legis. Service, p. 7138; No. 7 Deering's Adv. Legis. Service, p. 759.) The validity of this presumption is not at issue here and we express no opinion on it.

3d 101, 106-107 [85 Cal.Rptr. 69]; *People* v. *Perkins* (1981) 126 Cal.App.3d Supp. 12, 21 [179 Cal.Rptr. 431].) Consequently a driver with a blood-alcohol level of 0.10 percent or more commits an offense under Vehicle Code section 23152, subdivision (b), even though he may have the ability to drive his vehicle with the caution characteristic of a sober person of ordinary prudence, under the same or similar circumstances. Thus the essence of the two offenses is different and the failure to prosecute one offense timely does not bar the later prosecution of the uncited offense.

■ We also reject petitioner's argument that the statutory phrase, "misdemeanor charged in the notice to appear" (Pen. Code, § 853.6, subd. (e)(3)), includes any misdemeanors later added by the prosecutor. We conclude instead that the phrase refers only to those offenses originally charged by the issuing officer.[8] Penal Code section 853.6, subdivision (a), directs the releasing officer to "prepare *in duplicate* a written notice to appear in court, containing . . . the offense charged . . . ." Subdivision (d) of that section then directs the officer, before release, to "deliver one copy of the notice to the arrested person, . . ." Penal Code section 853.9, subdivision (a), further provides that when such a "written notice to appear has been prepared, *delivered,* and filed by an officer or the prosecuting attorney with the court pursuant to the provisions of Section 853.6 of this code, an *exact* and legible *duplicate copy* of the notice when filed with the magistrate, in lieu of a verified complaint, shall constitute a complaint to which the defendant may plead 'guilty' or 'nolo contendere.' " (Italics added.) Consequently, it is only the offense charged in the original notice that is subject to the 25-day requirement. Offenses subsequently charged by the prosecutor are subject only to the general one-year statute of limitations (Pen. Code, § 801, subd. (a)).

Our conclusion is buttressed by the legislative history of the section. In 1980 the Legislature amended Penal Code section 853.6 to provide for the first time that the duplicate notice be filed with the prosecutor rather than the court. (Stats. 1980, ch. 1094, § 2, pp. 3507-3508.) We agree with the Attorney General that the purpose of that amendment is to permit a professional evaluation by the prosecutor of the charges levied by the releasing officer before they are filed in court. That purpose would not be advanced by a construction which would impose a 25-day statute of limitations for offenses initiated by the prosecutor by amendment to a citation while leaving charges initiated by complaint to be controlled by the general 1-year statute of limitations. It is inconceivable that the Legislature intended such enormously different time limitations would be contingent upon the charging document the prosecutor arbitrarily selected.

---

[8]The officer issuing the notice to appear under Penal Code section 853.6 may be one of four officials: the arresting officer, his superior, the booking officer or his superior. (*People* v. *Mosqueda* (1982) 128 Cal.App.3d 918, 923 [180 Cal.Rptr. 591].)

We necessarily also reject defendant's last argument that Penal Code section 853.6 establishes a 25-day statute of limitations for all misdemeanors. If petitioner's construction were adopted, the prosecutor would be barred from filing a complaint for any misdemeanor offense unless that accusatory pleading was filed within 25 days from the arrest. The proscription of Penal Code section 853.6, subdivision (e)(3), however, only bars "prosecution of the misdemeanor charged in the notice to appear." The statute of limitations period for filing complaints for a noncited misdemeanor offense is prescribed in Penal Code section 801, subdivision (a), namely "within one year after its commission."

The remaining issue presented in this writ proceeding does not merit publication under California Rules of Court, rule 976. Accordingly, it is discussed in an unpublished opinion. (Cal. Rules of Court, rule 976.1.)

The petition for writ of prohibition is denied and the alternative writ discharged.

Evans, Acting P. J., and Bond, J.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied May 18, 1983.

---

*Assigned by the Chairperson of the Judicial Council.