**SIONA TOLEAFOA, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 03-94

April 14, 1994

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel:    For Appellant, Aumoeualogo S. Soli, Assistant Public Defender
            For Appellee, Fainu`ulelei L.F. Ala`ilima-Utu, Assistant Attorney General

Opinion and Order:

## PROCEDURAL HISTORY-

On January 12, 1994, the District Court convicted appellant of Speeding (A.S.C.A. § 22.0323) and Driving Under the Influence of Alcohol or Other Drugs (A.S.C.A. § 22.0707), although he was found not guilty of Reckless Driving (A.S.C.A. § 22.0702). Appellant's motion for new trial or reconsideration was denied on January 31, 1994. On February 2, 1994, his notice of appeal and his motion to stay execution of sentence were filed with the High Court. A hearing on his motion to stay execution of sentence was held on March 9, 1994, and the appeal was heard on March 28, 1994.

## JURISDICTION AND STANDARD OF REVIEW

▉ Final decisions of the District Court may be appealed to the High Court. A.S.C.A. § 3.0309. An appellate court will not set aside a trial court's findings in the absence of clear error. A.S.C.A. § 43.0801(b); *Uiagalelei v. Ulufale*, 17 A.S.R.2d 158, 160 (App. Div. 1990); *Utuutuvanu v. Mataituli*, 12 A.S.R.2d 88, 90 (App. Div. 1989). That is, the test is not whether facts in the record may support a decision for an appellant, but whether sufficient evidence supported the trial court's decision. *Moea`i v. Alai`a*, 12 A.S.R.2d 91, 93 (App. Div. 1989);

21

*Afualo v. Puailoa*, 21 A.S.R.2d 115, 117 (App. Div. 1992); *Taeleifi v. Willis*, 21 A.S.R.2d 118, 121 (App. Div. 1992); *Afoa v. Asi*, 20 A.S.R.2d 81, 83 (App. Div. 1992) (citing *Moea`i*, 12 A.S.R.2d at 93).

## DISCUSSION

■ At trial, appellant stipulated to a number of facts, including his (1) speeding, which was clocked by radar at 55 mph; (2) failing to stop after Officer Maifea activated his cruiser's lights; (3) having red and bloodshot eyes; (4) having the strong smell of alcohol; (5) admitting drinking alcoholic beverages; (6) failing three field sobriety tests; and (7) having a breathalyzer test result of 0.17% blood-alcohol level. Under the applicable statute, a driver having a blood-alcohol level of 0.08% or more is presumed to be "under the influence of intoxicating liquor." A.S.C.A. § 22.0607(a)(3). Additional evidence regarding driving under the influence may also be presented at trial. A.S.C.A. § 22.0607(b).

Appellant stipulated to driving with a blood-alcohol level which was more than twice the statutory level creating a presumption of driving under the influence (DUI). Additional evidence supporting the finding that appellant was driving under the influence included his failing the three field sobriety tests and his operating the vehicle 30 mph over the speed limit.

■ Once a driver is found to have a blood-alcohol level of 0.08% or more, the statute presumes that he is under the influence and so is incapable of operating a vehicle safely. This statutory presumption reflects the proven medical fact that ingesting substantial quantities of alcohol impairs one's driving ability. Indeed, the role of alcohol consumption in traffic fatalities demonstrates the rational connection between the statute's presumption and the proven fact of impaired driving ability. *People v. Schrieber*, 119 Cal. Rptr. 812, 813 (Cal. Ct. App. 1975).

■ In contrast, appellant has not presented any evidence which contradicts this presumption. *See People v. Schumann*, 458 N.E.2d 182, 188 (Ill. App. Ct. 1983) ("defendant has the burden of producing evidence in his favor sufficient to rebut the presumption" of driving under the influence). Contrary to appellant's arguments, the offense of reckless driving is neither a lesser-included offense of DUI nor an element of a DUI offense. As in this case, a driver can be under the influence of alcohol without a finding of "reckless" driving. As for appellant's contention that his not getting in an accident supports a finding that he was capable of safe driving, this is a "specious argument." *See State v. Corkran*, 448 So. 2d

22

1346, 1352 (La. Ct. App. 1984) ("The fact that the defendant was skillful enough to stay on the road during this [115 mph chase] episode is insufficient to rebut the presumption [of intoxication]."). The whole point of traffic laws is to prevent accidents, not just to punish drivers after an accident.

■ Finally, this court desires to make it clear that only two elements constitute the offense of Driving under the Influence of Alcohol or Other Drugs: (1) the defendant was driving a motor vehicle, (2) while under the influence of alcohol or other drugs. Being a legal and not a medical term, "under the influence" means a person's intoxication has reached "a degree which renders him *incapable* of safely driving." A.S.C.A. § 22.0707(a) (emphasis added).

■ The means of proving "under the influence" varies with each case and may include (1) observations of the defendant's manner of driving, his physical symptoms, and his performance of field sobriety tests; (2) his blood-alcohol level as shown in test results; and (3) admissible statements made by the defendant. Thus, a DUI prosecution need never prove an accident's occurrence or another incident of unsafe driving, when the totality of circumstances convinces the trier of fact beyond a reasonable doubt that the defendant was *incapable* of driving safely.

## CONCLUSION

The District Court found that appellant was driving while under the influence of alcohol, and sufficient evidence existed to support that finding. Therefore, appellant's conviction for driving under the influence is affirmed. The order staying execution of sentence hereinbefore entered is vacated.

It is so ordered.