[Civ. No. 19730. Third Dist. Apr. 1, 1981.]

FRANK PORTER HERBERT, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Kenneth M. Wells, Public Defender, and Larry M. Kazanjian, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, W. Scott Thorpe and Shirley A. Nelson, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**CARR, J.**—Following denial by the trial court of petitioner's motion to dismiss (Pen. Code, § 995), we issued an alternative writ and stay order.

The sole issue before us is whether a criminal defendant's right to confrontation of witnesses is violated or abridged when at the direction of the magistrate, the defendant is so seated that he can hear but not see the witness. The witness in question was a five-year-old girl, the complaining witness at the preliminary examination on a complaint charging defendant with sexual offenses against the minor.

Petitioner is charged with two counts of oral copulation of a child (Pen. Code, § 288a, subd. (c)) and one count of lewd acts upon a child (Pen. Code, § 288). The child is the daughter of petitioner's wife, not blood-related to petitioner. The charges arose from alleged incidents at a drive-in movie in mid-October 1978 and later in the home. The child was five years old at the time of the preliminary hearing (Apr. 3, 1980).

From the magistrate's statement read into the record, it appears the child, at the preliminary examination, was initially reluctant or unable to testify. The court thereupon adjourned to chambers with the child and counsel but not the defendant. The court concluded the child "was disturbed by the number of people in the courtroom and in particular with the presence of the defendant . . ." and talked with the child to encourage her to testify. Upon return to the courtroom, all other persons were asked to leave and a seating arrangement devised by the court whereby the defendant was seated in front of and to the side of the bench; the judge sat in the jury box and the child in the witness chair.[1]

---

[1]The court's description was: ". . . I then instructed the defendant and defense counsel that the defendant would be seated to the right of the bench opposite the jury box. He [defendant] was seated with his back to the wall but in position to the bench that he was actually in front of the bench and could see or had a view across the front of the bench to the jury box. I was seated in jury seat number 7 which is the first seat on the left-hand side of the first row of the jury box" [presumably the court meant second row as jury seat number 7 is in the second row] so that both the defendant and I had a view

Due to the physical arrangements, defendant and the witness could not see each other during her testimony, although the defendant and the judge, the judge and witness, and defendant and both counsel were in view of each other. Defendant was instructed to raise his hand if he could not hear or if he wanted to confer with his counsel. He did signal once for repetition of testimony[2] and once for a conference with his counsel. During her recital, the minor stated defendant told her not to tell anyone about what had happened.

Defendant objected to the seating on the ground that a defendant is entitled to see as well as hear all witnesses. He asserts the same contention in this proceeding and alleges a violation of his right to confrontation of witnesses against him.

■ If a defendant has not been legally committed by the magistrate, the information against him must be set aside. (Pen. Code, § 995.) A commitment is unlawful if, during the course of the preliminary examination, the defendant has been denied a substantial right. (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 874 [59 Cal.Rptr. 440, 428 P.2d 304]; *People* v. *Elliott* (1960) 54 Cal.2d 498, 503 [6 Cal.Rptr. 753, 354 P.2d 225]; *DeWoody* v. *Superior Court* (1970) 8 Cal.App.3d 52, 55 [87 Cal.Rptr. 210].)

■ The right to confrontation by witnesses is not only a substantial but a constitutional right. Amendment VI of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."[3] Article

---

[2]We employ the word "testimony" somewhat loosely as that word is generally described in both statutory and decisional law as oral statements made by a person under oath in court proceedings. (See *People* v. *Belton* (1979) 23 Cal.3d 516, 524 [153 Cal.Rptr. 195, 591 P.2d 485]; Civ. Code, § 14; Code Civ. Proc., § 17; Pen. Code, § 7.)

We note the minor, at the direction of the court, was not sworn as a witness as required by Evidence Code section 710. However, no objection was raised by defendant and any error therein was waived. (*People* v. *Thomas* (1967) 65 Cal.2d 698, 708 [56 Cal.Rptr. 305, 423 P.2d 233]; *People* v. *Berry* (1968) 260 Cal.App.2d 649, 653 [67 Cal.Rptr. 312]; *Trigueiro* v. *Skow* (1937) 24 Cal.App.2d 253, 256 [74 P.2d 836].)

[3]My concurring colleague disagrees the right of confrontation at a preliminary examination is a federal constitutional right (U.S. Const., Amend. VI), asserting such federal right attaches only at trial. However, the cited case of *Gerstein* v. *Pugh* (1975) 420 U.S. 103 [43 L.Ed.2d 54, 95 S.Ct. 854] points up the distinction between a probable cause detention hearing and a full preliminary hearing to determine if the evidence

I, section 15 of the California Constitution reiterates this right: "The defendant in a criminal cause has the right to ... be confronted with the witnesses against the defendant." The federal right is fundamental and obligatory on the states. (*Pointer* v. *Texas* (1965) 380 U.S. 400, 403 [13 L.Ed.2d 923, 926, 85 S.Ct. 1065].) The right to confrontation is historic, literal (*California* v. *Green* (1970) 399 U.S. 149, 156-157 [26 L.Ed.2d 489, 496, 90 S.Ct. 1930]) and personal (*Faretta* v. *California* (1975) 422 U.S. 806, 819 [45 L.Ed.2d 562, 572, 95 S.Ct. 2525]). The impetus was the old practice of trying defendants solely on ex parte affidavits or depositions secured by the examining magistrate "[t]hus denying the defendant the opportunity to challenge his accuser in a face-to-face encounter in front of the trier of fact." The right of confrontation is not limited to the trial stage of criminal proceedings but extends to any phase in which witnesses are called for questioning. (*Stevenson* v. *Superior Court* (1979) 91 Cal.App.3d 925, 930 [154 Cal.Rptr. 476].) The People concede the right to confrontation is a substantial right, even at the preliminary stage of the proceedings. The dispute is in the scope of such confrontation right. Defendant asserts such right encompasses as an essential element a face-to-face confrontation. The People counter that "Rather, '[t]he main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination.* The opponent demands confrontation, not for the idle purpose of gazing upon the witness, or of being gazed upon by him, but for the purpose of cross-examination, which cannot be had except by the direct and personal putting of questions and obtaining immediate answers.' (5 Wigmore, Evid. (Chadbourn rev. 1974), § 1395, p. 150; original emphasis.)"[4]

The issue of violation of the right has arisen more frequently in the application of hearsay rules to a trial situation. In this context, confrontation; "(1) insures that the witness will give his statements under oath—thus impressing him with the seriousness of the matter and

---

justifies going to trial on an information. In the former, the court held there was no constitutional requirement that state procedures include the full panoply of adversary safeguards such as right to counsel, confrontation, cross-examinations and compulsory process for witnesses. But such adversary rights were held appropriate for full preliminary hearings like those required by California law.

*Gallaher* v. *Superior Court* (1980) 103 Cal.App.3d 666 [162 Cal.Rptr. 389] holds confrontation is a due process right derived from the Fourteenth Amendment of the United States Constitution.

[4]If the cross-examiner were a defendant who exercised his right to self-representation pursuant to *Faretta* v. *California, supra*, 422 U.S. at page 819 [45 L.Ed.2d at page 572], the Wigmore approach would result in either an impasse or a double standard.

guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of truth'; (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility." (*California* v. *Green, supra*, 399 U.S. at p. 158 [26 L.Ed.2d at p. 497]. Fn. omitted.)

It is evident the focus of the hearsay cases has been on defendant's right to cross-examine witnesses (see e.g., *Pointer* v. *Texas, supra*, 380 U.S. at pp. 406-407 [13 L.Ed.2d at p. 928]; *Davis* v. *Alaska* (1974) 415 U.S. 308 [39 L.Ed.2d 347, 94 S.Ct. 1105], which is a primary interest secured by the confrontation right. (*Douglas* v. *Alabama* (1965) 380 U.S. 415, 418 [13 L.Ed.2d 934, 937, 85 S.Ct. 1074]; *People* v. *Murphy* (1963) 59 Cal.2d 818, 830.) The courts have analyzed the issue by considering the particular hearsay exception at issue or by considering the circumstances of the particular case. (*People* v. *Orduno* (1978) 80 Cal. App.3d 738, 747 [145 Cal.Rptr. 806]; see also *Dutton* v. *Evans* (1970) 400 U.S. 74 [27 L.Ed.2d 213, 91 S.Ct. 210].)

But the hearsay cases also contain language indicating a personal view of the witness by the defendant at some point is part of the right of confrontation: "... the advantage he has once had of seeing the witness face to face" (*Mattox* v. *United States* (1895) 156 U.S. 237, 244 [39 L.Ed. 409, 411, 15 S.Ct. 337]); "witness ... upon whom he can look while being tried" (*Kirby* v. *United States* (1899) 174 U.S. 47, 55 [43 L.Ed. 890, 894, 19 S.Ct. 574]); "only such witnesses as meet him face to face at the trial" (*Dowdell* v. *United States* (1911) 221 U.S. 325, 330 [55 L.Ed. 753, 757, 31 S.Ct. 590]).

 The confrontation right is not absolute. (*People* v. *Johnson* (1974) 39 Cal.App.3d 749, 754 [114 Cal.Rptr. 545].) Apart from the hearsay exceptions which can apply to obviate confrontation at trial (e.g., *People* v. *Orduno, supra*, 80 Cal.App.3d 738,) a defendant may waive the right by disruptive conduct in the courtroom (*Illinois* v. *Allen* (1970) 397 U.S. 337 [25 L.Ed.2d 353, 90 S.Ct. 1057]; *People* v. *Booker* (1977) 69 Cal.App.3d 654 [138 Cal.Rptr. 347]). "A waiver of the right of confrontation can take various forms. In some instances, an accused may voluntarily consent to forego his right of confrontation.... By stipulating to the admission of evidence, the defendant waives the right to confront the source of the evidence. *United States* v.

*Martin,* 489 F.2d 674, 678 (9th Cir. 1973), cert. denied, 417 U.S. 948, 94 S.Ct. 3073, 41 L.Ed.2d 668 (1974); see *Williams* v. *Oklahoma,* 358 U.S. 576, 584, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *Diaz* v. *United States,* 223 U.S. 442, 451, 32 S.Ct. 250, 56 L.Ed. 500 (1912). The accused also waives his right of confrontation by entering a guilty plea. *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)." (*United States* v. *Carlson* (8th Cir. 1976) 547 F.2d 1346, 1358 [cert. den.] 431 U.S. 914 [53 L.Ed.2d 224, 97 S.Ct. 2174].)

In the instant case, there is no issue of consent or waiver by defendant of any right of confrontation. The circumstances are admittedly delicate wherein a five-year-old witness is asked to testify to alleged conduct which is very private and personal in nature and perhaps embarrassing to relate. But the child was the only inculpatory witness presented against defendant. Her mother testified briefly only to establish the drive-in movie venture, jurisdiction in Sacramento County, and that she and defendant separated January 3, 1979.[5] A substantial period of time had elapsed between the dates of the alleged offenses and the preliminary hearing. By allowing the child to testify against defendant without having to look at him or be looked at by him, the trial court not only denied defendant the right of confrontation but also foreclosed an effective method for determining veracity.

The People place substantial reliance on *People* v. *Johnson* (1974) 39 Cal.App.3d 749, 754 [114 Cal.Rptr. 545]; *People* v. *Garcia* (1935) 2 Cal.2d 673, 682 [42 P.2d 1013]; *People* v. *Williams* (1948) 32 Cal.2d 78, 82 [195 P.2d 393], 335 U.S. 835 [93 L.Ed.2d 897, 69 S.Ct. 25] (cert. den.), overruled on another ground in *People* v. *Green* (1956) 47 Cal.2d 209, 232 [302 P.2d 307], and *People* v. *Orduno, supra,* 80 Cal. App.3d 738.

A careful examination of each of these cases discloses they are each distinguishable from the instant case.

*People* v. *Johnson, supra,* 39 Cal.App.3d 749, and *People* v. *Orduno, supra,* 80 Cal.App.3d 738, each involved not the issue of confrontation per se, though each defendant so characterized it, but whether the proffered evidence was admissible as an exception to the hearsay rule. In *People* v. *Johnson, supra,* a transcript of the witness' testimony at the preliminary examination was held inadmissible under Evidence Code

---

[5]The complaint herein appears to have been filed January 8, 1980.

section 1291, subdivision (a).[6] The court concluded that preliminary examination testimony is admissible if 1) the witness was cross-examined at the preliminary, 2) the testimony is necessary at trial and 3) the prosecution has made a good faith attempt and exercised due diligence to obtain the witness' attendance. Each of these factors was satisfied.[7] In *People* v. *Orduno, supra,* 80 Cal.App.3d 738, involving a charge of violation of section 288, Penal Code, the victim, a three-year-old girl, was found competent to testify. Her hearsay statements to her mother immediately after the incident concerning the sexual molestation by the defendant were held admissible as spontaneous declarations within the meaning of Evidence Code section 1240. In the case at bar, the child was found by the court to be competent to testify and no question of an exception to the hearsay rule arose.

In *People* v. *Garcia, supra,* 2 Cal.2d 673, in the early part of the trial, the defendant claimed his view of the witness chair was partially obscured by the clerk's desk. The court refused to rearrange the furniture; however, after some witnesses had been called, the prosecution exchanged seats with the defendant to adjust the situation. The court found no prejudice.

In *People* v. *Williams, supra,* the witness was permitted to sit facing the jury with her back to spectators and defendant to protect her from alleged intimidation from spectators. The court held "[the] seating arrangement adopted should have been avoided, but it did not deprive the defendants of the rights of confrontation and a public trial." (32 Cal.2d at p. 82.) The court noted there was no objection by defendant to this seating arrangement and that the importance of the witness' testimony was questionable in that the defendants were convicted by their own admissions prior to trial and on the witness stand and by other independent evidence.

In *United States* v. *Benfield* (8th Cir. 1979) 593 F.2d 815, defendant was convicted of misprision of a felony for his failure to report the kid-

---

[6]As pertinent, Evidence Code section 1291, subdivision (a) provides: "Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is *unavailable as a witness*...." (Italics added.)

[7]In *People* v. *Rojas* (1975) 15 Cal.3d 540 [125 Cal.Rptr. 357, 542 P.2d 229, 92 A.L.R.3d 1127], a witness was found "unavailable" and transcripts of his testimony at the preliminary examination and first trial admissible in lieu of personal testimony wherein the witness refused to testify because of threats against himself and his family had been found in contempt of court and sentenced to juvenile court.

naping of an adult woman by another couple. The victim's mental health was impaired, her psychiatrist testifying she could not endure the stress of courtroom appearances. The prosecution's request to videotape her deposition was granted, the defendant to be present but not within her vision. At the deposition, defendant was placed in an adjoining room with a television monitor and a buzzer. He was able to observe the proceedings and halt the questioning to confer with his attorney and his attorney was permitted to cross-examine the victim, who was unaware of defendant's observation. The videotaped deposition was admitted into evidence and played for the jury. In reversing, the appellate court stated: "After carefully considering the sixth amendment, applicable case law, and this record, we are satisfied that the rights of Benfield were abridged by the above procedure. Normally the right of confrontation includes a face-to-face meeting at trial at which time cross-examination takes place. *Mattox, Kirby, Dowdell*, and *Snyder*, which were discussed above, all support that view. While some recent cases use other language, none denies that confrontation required a face-to-face meeting in 1791 and none lessens the force of the sixth amendment. Of course, confrontation requires cross-examination in addition to a face-to-face meeting. *Davis* v. *Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The right of cross-examination reinforces the importance of physical confrontation. Most believe that in some undefined but real way recollection, veracity, and communication are influenced by face-to-face challenge. This feature is part of the sixth amendment right additional to the right of cold, logical cross-examination by one's counsel. While a deposition necessarily eliminates a face-to-face meeting between witness and jury, we find no justification for further abridgment of the defendant's rights. A videotaped deposition supplies an environment substantially comparable to a trial, but where the defendant was not permitted to be an active participant in the video disposition, this procedural substitute is constitutionally infirm ...." (593 F.2d at p. 821. [Fns. omitted].)

The language of *Benfield, supra*, though concerned with a videotaped deposition is persuasive, particularly when considered in light of the factual setting before us. We have no specific record of the child's conduct which motivated the lower court to devise the seating arrangement in question. We have only the subjective observations of the court put into the record to justify and explain the unorthodox courtroom arrangement. We have no record of any intimidating action by the defendant. The courtroom was in effect closed without any re-

quest from the defendant or the prosecution.[8] The witness was not sworn, by direction of the court, and, for the most part, from the record before us, appeared at ease on the witness stand, standing up from time to time until told to sit down, asking what a witness was, admiring a small plant in the courtroom (which the court said she might have "after you talk") and stating in response to defense counsel's inquiry about how she felt, "I feel happy."

 The historical concept of the right of confrontation has included the right to see one's accusers face-to-face, thereby giving the fact-finder the opportunity of weighing the demeanor of the accused when forced to make his or her accusation before the one person who knows if the witness is truthful. A witness' reluctance to face the accused may be the product of fabrication rather than fear or embarrassment.

We conclude the defendant's right to confrontation by witnesses has been abridged.

The writ of prohibition as prayed for shall issue. The alternative writ and stay, having served their respective purposes, are discharged.

Regan, J., concurred.

**PUGLIA, P. J.**—I concur in the result and join in the opinion of the court except insofar as it declares that the right of confrontation at preliminary hearing emanates from the United States Constitution (U.S. Const., Amend. VI).

The constitutional right of confrontation is "basically a trial right" (*Barber* v. *Page* (1968) 390 U.S. 719, 725 [20 L.Ed.2d 255, 260, 88 S.Ct. 115]; *Snyder* v. *Massachusetts* (1934) 291 U.S. 97, 107 [78 L.Ed. 674, 679, 54 S.Ct. 330, 90 A.L.R. 575]; see also *In re Montgomery* (1970) 2 Cal.3d 863, 867 [87 Cal.Rptr. 695, 471 P.2d 15]; *People* v. *House* (1970) 12 Cal.App.3d 756, 766-767 [90 Cal.Rptr. 831]). Although the federal Constitution requires a probable cause hearing to justify significant pretrial detention of defendant, that hearing need not include traditional adversary safeguards such as the right of confrontation (*Gerstein* v. *Pugh* (1975) 420 U.S. 103, 119-125 [43

---

[8]The court tried to explain at the conclusion of the proceedings that no formal order excluding the public or press was made; that persons in the courtroom were simply to leave. In our view, if a judge tells a person to leave the courtroom, that is tantamount to a judicial order.

L.Ed.2d 54, 68-72, 95 S.Ct. 854]; cf. *Gallaher* v. *Superior Court* (1980) 103 Cal.App.3d 666, 671 [162 Cal.Rptr. 389]). Moreover, the federal Constitution does not require a judicial hearing at all as a prerequisite to prosecution by information (*Gerstein, supra*, 420 U.S. at p. 119 [43 L.Ed.2d at p. 68]). A fortiori, when state procedure nevertheless provides for such a hearing, it would logically follow that the federal Constitution does not require the entire panoply of procedural rights available at trial to be observed in the pretrial hearing (cf. *Coleman* v. *Alabama* (1970) 399 U.S. 1, 7-11 [26 L.Ed.2d 387, 395-398, 90 S.Ct. 1999]).

The right of confrontation at preliminary hearing historically has been conferred by statute in California (Pen. Code, § 865; see also Pen. Code, § 686). Whether it also now derives from the state Constitution (art. I, § 15) is not determinative here (see *Stevenson* v. *Superior Court* (1979) 91 Cal.App.3d 925, 930 [154 Cal.Rptr. 476]). The statutory right is unquestionably a substantial right (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 875, 879-880 [59 Cal.Rptr. 440, 428 P.2d 304]) and the dispositions of the magistrate in the conduct of the preliminary hearing deprived petitioner of the full benefits of that right.