186 Cal.App.3d 414 (1986)
230 Cal. Rptr. 726
In re MARY S. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,
v.
JOSEPH S., Defendant and Appellant.
Docket No. D003413.
Court of Appeals of California, Fourth District, Division One.
September 18, 1986.
*416 COUNSEL
Michele Sacks Lowenstein, under appointment by the Court of Appeal, for Defendant and Appellant.
Edwin L. Miller, District Attorney, Peter C. Lehman and Edward J. Mantyla, Deputy District Attorneys, for Plaintiff and Respondent.
Steven W. Brown, under appointment by the Court of Appeal, for Minors.
OPINION
WORK, Acting P.J.
(1a) The father appeals from an order of the juvenile court making his two daughters dependents of the court under Welfare and Institutions Code[1] section 300, subdivisions (a) and (d), contending error in allowing the minors to testify outside the physical presence *417 of their parents. We find the procedure was proper where the children testified they would be afraid to and unable to fully testify in front of their parents, and the father's right of confrontation was adequately protected by his counsel's cross-examination.
Appellant requested to be present during cross-examination of the minors. In chambers, outside of the parents' presence, but in the presence of all counsel, the minors testified, both under direct and cross-examination, that they would be afraid to testify in front of their parents. They detailed their fears of parental interference during their testimony (i.e., the mother would call them a liar; the father would have an angry look in his eyes), and physical retaliation after the testimony (i.e., based on past beatings and threats to slash their throats if they disobeyed). One minor stated she would be unable to fully testify if her parents were in front of her, and the other minor stated she would be nervous and stutter a lot.
The trial court ruled the minors should testify out of their parents' presence, stating it would recess at any time if the attorneys needed to contact the parents to discuss the minors' testimony. The parties stipulated to the admission of the transcript of the minors' testimony at a previous dependency hearing.[2]
We find the dicta in In re Tanya P. (1981) 120 Cal. App.3d 66, 69-70 [174 Cal. Rptr. 553], and the alternate holding in In re Stanley F. (1978) 86 Cal. App.3d 568, 574 [152 Cal. Rptr. 5], correctly analyze the precise issue raised, and conclude the trial court's ruling to exclude the parents was proper. In both cases, the parents did not object to the exclusion procedure. The court in In re Tanya P., supra, 120 Cal. App.3d at pages 69-70, held the argument was waived on appeal, but nevertheless evaluated the claim stating: "Appellant cites Evidence Code section 711 which provides: `At the trial of an action, a witness can be heard only in the presence and subject to the examination of all the parties to the action, if they choose to attend and examine.' However, section 711 was satisfied because Tanya's testimony was given in the presence of appellant's attorney, who thoroughly cross-examined her. The testimony was transcribed by the reporter. In such circumstances the stepfather appeared through his attorney and could not have been prejudiced by the procedure. [Citations.] Evidence Code section 711 should be interpreted in light of Evidence Code section 765[1] and the paramount purpose of such proceedings, which is to protect the welfare of the child. [Citations.] The trial court acted properly and appellant's rights were *418 fully protected." Footnote 1 of the quoted passage provides, "Evidence Code section 765 provides in pertinent part: `The court shall exercise reasonable control over the mode of interrogation of a witness so as ... to protect the witness from undue harassment or embarrassment.'" (Id., at p. 70.)
The court in In re Stanley F., supra, 86 Cal. App.3d at pages 574-575, noted the parent did not object to the procedure, and then evaluated the claim, stating: "In any event, counsel for all parties were present in chambers when Stanley testified; and his testimony was transcribed by a reporter. Other jurisdictions have approved similar procedure for testimony by a minor  i.e., exclusion of other parties, provided all counsel are present and the testimony is transcribed. [Citations.]
"In California wardship proceedings the welfare of the child is of paramount concern. [Citations.]
".... .... .... .... .... .... .
"In the present case, wherein counsel for all parties were present when the minor testified and his testimony was transcribed by a reporter, and counsel for the mother was afforded an opportunity to discuss such testimony and proceed further, the court did not abuse its discretion in excluding the other parties while the minor testified."
(2) Dependency proceedings are civil in nature, designed not to prosecute a parent, but to protect the child. (In re Michael S. (1981) 127 Cal. App.3d 348, 363-364 [179 Cal. Rptr. 546], and cases there cited; Welf. & Inst. Code, §§ 202, subd. (a), 203; cf. In re Angelia P. (1981) 28 Cal.3d 908, 918-919 [171 Cal. Rptr. 637, 623 P.2d 198].) A parent at a dependency hearing cannot assert the Fourth Amendment exclusionary rule, since "the potential harm to children in allowing them to remain in an unhealthy environment outweighs any deterrent effect which would result from suppressing evidence" unlawfully seized. (In re Christopher B. (1978) 82 Cal. App.3d 608, 615 [147 Cal. Rptr. 390], and cases there cited.) Nor can the parent seek reversal on the grounds of incompetency of counsel. (In re Michael S., supra, 127 Cal. App.3d at p. 364.)[3] These decisions recognize *419 the paramount concern is the child's welfare. (In re Michael S., supra, at p. 359; In re Christopher B., supra, at p. 615.) The same principle applies to the father's claimed violation of his right to confront witnesses.
(3a) The express constitutional right to confrontation is confined to criminal proceedings.[4] Nevertheless, in civil proceedings a party has a due process right under the Fifth and Fourteenth Amendments to the federal Constitution to cross-examine and confront witnesses. (August v. Department of Motor Vehicles (1968) 264 Cal. App.2d 52, 60 [70 Cal. Rptr. 172]; McLaughlin v. Superior Court (1983) 140 Cal. App.3d 473, 481-482 [189 Cal. Rptr. 479]; Jenkins v. Jenkins (1954) 125 Cal. App.2d 109, 113 [269 P.2d 908].) The same right is afforded by statute at dependency hearings. (§ 311, subd. (b); Cal. Rules of Court, rule 1364(a)(3);[5] cf. Evid. Code, § 711.)
The right to confrontation at a criminal child molestation prosecution has been held to include not only the right of cross-examination, but the right to physical confrontation; i.e., a face-to-face meeting between the defendant and the child witness. (Herbert v. Superior Court (1981) 117 Cal. App.3d 661, 670-671 [172 Cal. Rptr. 850, 19 A.L.R.4th 1276].) (4) However, even in criminal proceedings, the right to physical confrontation is not absolute, but is subject to certain hearsay, consent, and waiver exceptions. (Id., at pp. 666-668.) (5) Nor is the right to confrontation absolute in civil proceedings. A trial court at a dependency hearing may control the proceedings "with a view to ... the ascertainment of all information relative to the present condition and future welfare" of the minor. (§ 350, subd. (a);[6] cf. Evid. Code, § 765.) (3b) Unlike at a criminal proceeding where an express constitutional right to confrontation exists, at a civil proceeding the constitutional right involves general notions of procedural due process. (1b) We see no justification for extending the face-to-face component of the confrontation right to dependency hearings where the child's welfare is *420 paramount. When there is a showing the minor's fear could impede the court's full receipt of relevant evidence, a parent's due process right to confrontation is adequately protected by his counsel's confrontation of the child. (In re Tanya P., supra, 120 Cal. App.3d at p. 69.)
Even assuming, arguendo, the face-to-face confrontation rule in Herbert should be extended to dependency hearings, dicta in that case supports its inapplicability to the facts of the case before us. The court in Herbert noted the factual setting which supported its conclusion the defendant (who was required to sit out of the line of vision of the child) had been deprived of his right to confrontation: "We have no specific record of the child's conduct which motivated the lower court to devise the seating arrangement in question. We have only the subjective observations of the court put into the record to justify and explain the unorthodox courtroom arrangement. We have no record of any intimidating action by the defendant. The courtroom was in effect closed without any request from the defendant or the prosecution. [Fn. omitted.] The witness was not sworn, by direction of the court, and, for the most part, from the record before us, appeared at ease on the witness stand, standing up from time to time until told to sit down, asking what a witness was, admiring a small plant in the courtroom (which the court said she might have `after you talk') and stating in response to defense counsel's inquiry about how she felt, `I feel happy.'" (Herbert v. Superior Court, supra, 117 Cal. App.3d at pp. 670-671.) In contrast here, the minors' testimony regarding their fears and inabilities to testify in front of their parents was transcribed, and clearly showed the basis for the court's ruling. Thus, even if the father had a right to physically confront his daughters at the dependency hearing, there is ample evidence showing the state's interest in obtaining the full story to protect the children outweighed his right to physical confrontation.
(6) The father argues that for the court to conclude the child's right to be free from injury outweighs the parent's right to confront witnesses against him, it must be presented with expert testimony on the child's condition, or the child's express refusal to testify, relying on Hochheiser v. Superior Court (1984) 161 Cal. App.3d 777, 787 [208 Cal. Rptr. 273]. In Hochheiser, the court held, assuming arguendo the use of closed-circuit television for a child victim's testimony in a sexual molestation case was permissible,[7] expert testimony on the issue of the minor's condition necessitating the procedure, or the minor's own testimony, was a prerequisite. (Id., at pp. 792-794.) *421 The court stated the state's interest in preventing psychological harm to the child must be carefully balanced against the right of the accused to a fair trial, and concluded the parent's testimony on the issue of the minor's mental health was legally insufficient. (Id., at pp. 792-793.) As our discussion above indicates, the parent at a dependency hearing is not being accused of a crime, and the careful balancing required by Hochheiser is not necessary. In any event, the second alternative prerequisite delineated in Hochheiser, i.e., the minor's own testimony, is present here. Unlike in Hochheiser, the trial court here did not rely on a third party nonexpert's representations regarding the minor's state of mind.
Finally, relying on People v. Stritzinger (1983) 34 Cal.3d 505, 516-517 [194 Cal. Rptr. 431, 668 P.2d 738],[8] it is argued there should be a showing the minors have expressly refused to testify, rather than merely expressed their fears to testify, before the procedure is used. In Stritzinger, our Supreme Court held a mother's testimony regarding her daughter's mental health was insufficient to support a finding of witness unavailability for mental illness or infirmity under Evidence Code section 240, (which would allow admission of the witness' preliminary examination testimony under Evid. Code, § 1291). Either expert testimony on the witness' condition, or the witness' own express refusal to testify, was necessary. (Ibid.)
Again, Stritzinger involves a criminal proceeding and the right to confrontation at issue there is premised on the express constitutional guarantees in criminal, not civil, proceedings. (People v. Stritzinger, supra, 34 Cal.3d at p. 515.) We find that at a civil dependency proceeding a minor's expressed fear of testifying is sufficient, even if he or she does not flatly refuse to testify, particularly since, as the trial court stated, the possibility of intimidation "could ... have a profound effect upon their testimony." Since fear could prevent the presentation of relevant evidence, it is to some extent tantamount to a refusal to testify.
Even if, arguendo, Stritzinger were applicable to a dependency hearing, its facts do not compel a contrary conclusion. The court in Stritzinger distinguished its decision in People v. Rojas (1975) 15 Cal.3d 540 [125 Cal. Rptr. 357, 542 P.2d 229, 92 A.L.R.3d 1127] (which held unavailability was established by a witness who testified he was afraid and absolutely would not testify): "In Rojas the witness who had testified at the preliminary hearing and at the first trial himself appeared at the beginning of the second trial and stated that he would refuse to testify out of fear. The court was *422 therefore able to observe his demeanor to determine whether his fear amounted to a mental infirmity that would render it `relatively impossible' for him to testify. Sarah, however, did not testify at the hearing on her unavailability. The prosecution offered only her mother's testimony that Sarah was afraid that if she took the stand she might again be sent to juvenile hall for failing to answer questions properly. [Fn. omitted.] While in Rojas there was `no challenge made to the sufficiency of the evidence supporting the trial court's determination that the fear was justified' (People v. Rojas, supra, 15 Cal.3d at p. 550), here it is the very sufficiency of the mother's testimony, supported neither by expert evidence nor by Sarah's own words, that is at issue. In Rojas we were asked to determine whether fear might constitute a mental infirmity for purposes of witness unavailability; here Sarah's subjective fear has not been established by the evidence." (People v. Stritzinger, supra, 34 Cal.3d at p. 519, italics added.) In contrast to Stritzinger, here the minors' subjective fears were established by their own testimony, and the trial court could observe their demeanor and conclude it was "relatively impossible" for them to testify in front of their parents.
(7) The procedure here complies with the statutory requirements enacted by the amendment of section 350 in September 1985, after the June 1985 hearing in this case. Section 350, subdivision (b) now expressly authorizes the procedure used by the trial court when the minor is afraid: "The testimony of a minor may be taken in chambers and outside the presence of the minor's parent or parents, if the minor's parent or parents are represented by counsel, the counsel is present and any of the following circumstances exist:
"(1) The court determines that testimony in chambers is necessary to insure truthful testimony.
"(2) The minor is likely to be intimidated by a formal courtroom setting.
"(3) The minor is afraid to testify in front of his or her parent or parents.
"After testimony in chambers, the parent or parents of the minor may elect to have the court reporter read back the testimony or have the testimony summarized by counsel for the parent or parents.
"The testimony of a minor also may be taken in chambers and outside the presence of the guardian or guardians of a minor under the circumstances specified in this subdivision."
(1c) In sum, a parent has no fundamental right to physically confront his child during a civil dependency hearing. The trial court has discretion to conduct the proceedings in the best interests of the child, as long as the parents' fundamental due process rights are not violated. Here, the minors *423 testified they were afraid and would not be able to fully testify in front of their parents. The parents' counsel were present and allowed to cross-examine during the minors' testimony; thus, the parents were not denied their right to confront witnesses. (In re Tanya P., supra, 120 Cal. App.3d at pp. 69-70.) Appellant's due process rights were fully protected.[9]

DISPOSITION
The judgment is affirmed.
Butler, J., and Benke, J.,[*] concurred.
Appellant's petition for review by the Supreme Court was denied December 3, 1986. Mosk, J., was of the opinion that the petition should be granted.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.
[2] At the previous dependency hearing, the trial court had ruled to exclude the parents during the minors' testimony, but without making a record of the minors' statements of their fears. The second dependency hearing was held after appellant's successful request for rehearing based on insufficient evidence and his exclusion during the testimony.
[3] We note recognition of the parents' right not to be separated from their child entitles them to appointment of counsel (§ 317), and the same degree of review of the case on appeal as criminal defendants (In re Brian B. (1983) 141 Cal. App.3d 397 [190 Cal. Rptr. 153] [Wende rule applicable, requiring review of the record for error even absent presentation of arguments for reversal]). Unlike the right to confrontation asserted here, the rights to counsel and review present no conflict with the child's right to be free from injury. (See also Lois R. v. Superior Court (1971) 19 Cal. App.3d 895, 903 [97 Cal. Rptr. 158] [due process entitles parents at a dependency hearing to an impartial arbiter].)
[4] The federal Constitution states: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." (U.S. Const., 6th Amend.) The California Constitution states: "The defendant in a criminal cause has the right to ... be confronted with the witnesses against the defendant." (Cal. Const., art. I, § 15.)
[5] Section 311, subdivision (b) states: "In the hearing the minor, parents or guardians have a privilege against self-incrimination and have a right to confrontation by, and cross-examination of, any person examined by the court as provided in Section 319." California Rules of Court, rule 1364(a)(3), which pertains to cases under section 300, states: "After giving the advice required by rule 1363, the court shall advise the parent or guardian of each of their following rights: [¶] The right to confront, and to cross-examine, all witnesses that may be called to testify against the parent or guardian; ..."
[6] At the time of trial, section 350 was not divided into subdivisions. The amendment made after trial, which designated former section 350 as section 350, subdivision (a), and added subdivision (b), is discussed infra. Current section 350, subdivision (b) expressly authorizes the procedure challenged here.
[7] Based on concerns the use of television would seriously affect the jury's perception of demeanor and credibility, the court's first holding in Hochheiser was that the trial court could not drastically depart from established procedures in criminal proceedings without statutory authorization. (Hochheiser v. Superior Court, supra, 161 Cal. App.3d at pp. 786-788.)
[8] The court in Hochheiser, supra, 161 Cal. App.3d at page 794, relied on Stritzinger when reaching its conclusion either an expert or the minor's own testimony, rather than merely the parent's testimony, was necessary on the issue of the minor's mental health.
[9] Since no error occurred, we do not need to address the arguments regarding the hearsay nature of the evidence apart from the children's testimony.
[*] Assigned by the Chairperson of the Judicial Council.