2009 WY 54

**Steven R. BOWSER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–08–0061.**

Supreme Court of Wyoming.

April 16, 2009.

---

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Steven Bowser appeals his convictions on two counts of immoral or indecent acts with a minor in violation of Wyo. Stat. Ann. § 14–3–105 (LexisNexis 2005).[1] Mr. Bowser challenges the district court's decision permitting the alleged victim, a minor child, to testify at trial by video deposition. He also contends that the seating arrangement at the video deposition violated his constitutional right to confront witnesses against him because he was prevented from seeing the witness while she testified. We conclude that the State failed to present sufficient evidence to support use of the video deposition at trial and the seating arrangement at the deposition. Consequently, we reverse.

## ISSUE

[¶ 2] Mr. Bowser raises several issues in this appeal. We, however, find that the following issue raised by the State is dispositive:

> Was there a violation of Mr. Bowser's right to confront witnesses against him as a result of failure to follow the requirements of Wyo. Stat. Ann. § 7–11–408?

## FACTS

[¶ 3] On February 6, 2007, the State charged Mr. Bowser with one count of incest, two counts of immoral or indecent acts with a minor, and two counts of third-degree sexual assault. The indecent acts charges were based upon two incidents in which Mr. Bowser was accused of masturbating in DM's presence. Mr. Bowser entered a plea of not guilty to all charges. On July 24, 2007, Mr. Bowser moved for a hearing to determine DM's competence to testify. Two weeks later, the State filed a *Motion for Testimony by Videotaped Deposition.* The motion stated that DM was seven years old and "susceptible to feelings of intimidation by the accused offender," and that she was "receiving ongoing psychological counseling in regard to difficulties ... experienced in coping with [her] victimization." It also stated that, "[t]here is a concern among counsel for the State as well as [DM's] private counsel that a courtroom will be so intimidating to [DM]

---

1. This provision was repealed in 2007. 2007 Wyo. Sess. Laws, ch. 159, § 3.

that [she] will be unable to testify against [her] father."

[¶ 4] The court held a hearing and considered both parties' motions.[2] The State argued that DM would not be able to testify in a courtroom setting and that she would be intimidated by Mr. Bowser's presence. The State introduced no testimony, affidavits, or other evidence to support its claims. Mr. Bowser objected to DM's video deposition based on his Sixth Amendment right to confront the witnesses against him. The court ruled that the video deposition was permissible, but that Mr. Bowser was entitled to be in the same room as DM during the questioning. The court stated, however, that the State could "arrange the seating so that this little girl doesn't have her dad looking her square in the eyes." The court also granted Mr. Bowser's request for a competency hearing.

[¶ 5] The video deposition occurred on August 16, 2007. Before questioning began, Mr. Bowser objected to the seating arrangement because he could not observe DM during her testimony. Mr. Bowser and DM were seated on the same side of the conference table. Another person, apparently DM's therapist, was seated between Mr. Bowser and DM. The seating arrangement resulted in an inability of Mr. Bowser and DM to see each other during her testimony. On August 20, 2007, after the district court had viewed the video, it held a motion hearing in which it considered DM's competency and Mr. Bowser's confrontation objection. The court found DM competent to testify and overruled the confrontation objection.

2. This hearing was not reported, but it was tape recorded and the audio tape appears in the record. *See infra* n. 3 for additional discussion of this issue.

3. DM's testimony was not reported. Instead, the trial transcript simply notes that the video deposition was played in court, and copies of the video are included in the record. We take this opportunity to remind counsel practicing before this Court that the Rules of Appellate Procedure require that all proceedings in criminal and juvenile matters be transcribed. W.R.A.P. 3.02(a), (d); *Lindsey v. State*, 725 P.2d 649, 652 (Wyo. 1986). "It has been a long-standing policy of this [C]ourt that the record on appeal should include a proper transcript of the proceedings in

[¶ 6] The trial took place on August 21–22, 2007. DM was the first witness for the State but did not testify in person. Instead, her video testimony was played for the jury.[3] At the trial's conclusion, Mr. Bowser was found guilty of two counts of indecent liberties and acquitted on all other charges. The court sentenced Mr. Bowser to four to eight years of imprisonment on each count, to be served consecutively. The sentence on the second count was suspended in favor of four years of probation. Mr. Bowser appeals.

### STANDARD OF REVIEW

[¶ 7] Mr. Bowser contends that his constitutional right to confront witnesses has been violated. The question of whether a defendant's confrontation right has been violated is an issue of law that we review *de novo*. *Proffit v. State*, 2008 WY 102, ¶ 5, 191 P.3d 963, 966 (Wyo.2008). The issue raised by the State is whether Wyo. Stat. Ann. § 7–11–408 was complied with in the district court. To the extent our review requires us to interpret the statute, we do so *de novo*. *RK v. State ex rel. Natrona County Child Support Enforcement Dep't*, 2008 WY 1, ¶ 10, 174 P.3d 166, 169 (Wyo.2008). The statute requires certain findings of fact, which we will discuss. We review findings of fact for clear error. *Baker v. Speaks*, 2008 WY 20, ¶ 9, 177 P.3d 803, 806 (Wyo.2008). Lastly, the current case implicates the admission of the video deposition as evidence in lieu of direct testimony. We review evidentiary rulings of a trial court for an abuse of discretion. *Schultz v. State*, 2007 WY 162, ¶ 8, 169 P.3d 81, 84 (Wyo.2007).

the trial court, and in the absence of a properly certified transcript of those proceedings this [C]ourt will not consider them." *Id.*

Although we are free to disregard both the hearing audiotape and video deposition, *id.*, we instead choose to exercise our discretion and consider these materials. Neither party contends that they do not show what they purport to show and, in the interest of justice, we find it appropriate to rely upon them in this case. Nevertheless, "[w]e do not intend to recede from our rule that a transcript rather than the electronic recordings should be provided in this [C]ourt if claims of error are asserted based upon matters in the record and no statement of the case has been prepared." *Id.* at 652–53.

## DISCUSSION

[¶ 8] In this appeal, we must determine whether the district court erred in allowing the State to present the testimony at trial of the alleged victim, a minor child, by video deposition. In making that determination, we must also address whether the court erred in requiring a seating arrangement at the deposition that blocked Mr. Bowser's view of the child during her testimony. Mr. Bowser contends that the use of the video deposition at trial and the seating arrangement at the deposition violated his constitutional right to confront witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution.[4] The State does not respond to Mr. Bowser's constitutional claim. Instead, it contends that Wyo. Stat. Ann. § 7–11–408 governs introduction of video testimony of a child witness in cases of this nature. The State asserts that the statute is constitutional and that it was complied with in this case. Mr. Bowser makes it clear in his reply brief that he did not challenge the constitutionality of Wyo. Stat. Ann. § 7–11–408 at the trial court level, and does not raise a constitutional challenge to the statute in this appeal. He points out that the application of the statute was never raised before the district court. Mr. Bowser contends that, if compliance with the statute is the dispositive issue, he should prevail because the statutory requirements were not met. Based upon our review of the record, we have determined that the State failed to satisfy the requirements of Wyo. Stat. Ann. § 7–11–408 because it failed to provide any evidentiary foundation for the restricted seating arrangement at the deposition or use of the video deposition at trial.

[¶ 9] As a general proposition, in criminal cases, witness testimony should be presented by oral testimony of the witness at trial. W.R.Cr.P. 26(a) provides: "In all trials, the testimony of witnesses shall be taken orally in open court, unless otherwise provided by statute, or by these rules, by the Wyoming Rules of Evidence, or by other rules adopted by the Supreme Court of Wyoming."[5] The particular statute at issue in this case is Wyo. Stat. Ann. § 7–11–408. It states in relevant part:

**Videotape depositions.**

(a) In any case in which the defendant is charged with incest as defined in W.S. 6–4–402(a) or sexual assault as defined in W.S. 6–2–302 through 6–2–305 [6–2–304] and a child less than twelve (12) years of age is the victim, the judge may order the taking of a videotape deposition of the child. The videotaping shall be done under the supervision of the court.

(b) Persons allowed to be present at the videotaping of the deposition are the child, the judge, prosecutor, defendant and defense counsel, a family member who was not a witness to the offense or a support person for the child and any technicians required to operate the equipment.

(c) Before ordering the deposition, the judge shall find that:

(i) The child's testimony would be relevant and material;

(ii) The best interests of the child would be served by permitting the videotape deposition;

(iii) A potential physical or psychological harm to the child is likely to occur if the child is required to testify which

---

**4.** The Sixth Amendment states, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." Mr. Bowser does not raise the comparable Wyoming constitutional provision, Art. 1, § 10. That provision states: "In all criminal prosecutions the accused shall have the right ... to be confronted with the witnesses against him...."

**5.** The taking and use of depositions in criminal proceedings is addressed in W.R.Cr.P. 15. W.R.Cr.P. 15(a) first provides that a deposition

may only be taken on court order "due to exceptional circumstances of the case ... in the interest of justice." This restriction is intended to limit criminal depositions to circumstances where it is necessary to preserve evidence. Wright, *Federal Practice and Procedure,* Criminal 3d § 241, at 8 (2000). W.R.Cr.P. 15(e) further provides that a deposition, "so far as otherwise admissible under the rules of evidence, may be used as substantive evidence *if the witness is unavailable,* as unavailability is defined in Rule 804(a), W.R.E." (Emphasis added.)

would effectively render the child incapable to testify at the trial; and

(iv) The defendant or his legal counsel has the opportunity to be present and to cross-examine the child at the videotape deposition.

(d) The judge may deny the defendant's face-to-face confrontation of the child at the videotape deposition if:

(i) The defendant is alleged to have inflicted physical harm or is alleged to have threatened to inflict physical harm upon the child, and physical or psychological harm to the child is likely to occur if there is a face-to-face confrontation of the child by defendant;

(ii) The defendant's legal counsel will have reasonable opportunity to confer with his client before and at any time during the videotape deposition; and

(iii) The defendant will have opportunity to view and hear the proceedings while being taken.

(e) A videotape deposition may be admitted at trial in lieu of the direct testimony of the child, if the judge finds, after hearing, that:

(i) The visual and sound qualities of the videotape are satisfactory;

(ii) The videotape is not misleading;

(iii) All portions of the videotape that have been ruled inadmissible have been deleted; and

(iv) A potential physical or psychological harm to the child is likely to occur if the child is required to testify which

would effectively render the child incapable to testify at the trial.

[¶ 10] It is undisputed that, in this case, the alleged victim was a child under the age of twelve. It is also undisputed that Mr. Bowser was charged with incest and sexual assault. Pursuant to subsection (a), in these circumstances, the trial court "may order the taking of a videotape deposition of the child." Wyo. Stat. Ann. § 7–11–408(a). Before ordering that deposition, however, the court "shall find" that the testimony is "relevant and material," that the "best interests of the child" would be served by permitting the deposition, and that "[a] potential physical or psychological harm to the child is likely to occur ... which would effectively render the child incapable to testify at the trial." Wyo. Stat. Ann. § 7–11–408(c). The court made no specific findings and there was no evidence presented to the court by the State in support of its request to take the deposition. The district court ordered the deposition over the objection of Mr. Bowser. On appeal, however, Mr. Bowser limits his challenge to the seating arrangement at the deposition and use of the deposition at trial.

[¶ 11] It appears to be undisputed that the seating arrangement at the deposition resulted in Mr. Bowser having, at best, an obstructed view of the witness during her testimony. Mr. Bowser and DM were positioned on the same side of a conference table with an individual, DM's therapist, seated between DM and Mr. Bowser. The State characterized DM's therapist during oral argument before this Court as a "human screen," obstructing Mr. Bowser's view of the witness during the deposition.[6] Pursuant to

---

**6.** Decisions on the issue of what constitutes denial of face-to-face confrontation generally hold that significant obstruction of the defendant's view of the witness constitutes a violation. In *Coy v. Iowa*, for example, "[t]he screen at issue was specifically designed to enable the complaining witnesses to avoid viewing appellant as they gave their testimony, and the record indicates that it was successful in this objective." 487 U.S. 1012, 1020, 108 S.Ct. 2798, 2803, 101 L.Ed.2d 857 (1988). This procedure was held to violate the appellant's right to face-to-face confrontation. In *Herbert v. Superior Court of Sacramento County*, the defendant was denied view of the 5–year–old witness when he "was seated in front of and to the side of the bench [while] the judge sat in the jury box and the child in the

witness chair." 117 Cal.App.3d 661, 664, 172 Cal.Rptr. 850 (1981). As a result, the defendant's view of the child was blocked by the bench, but both could see the trial judge, and the judge could see both the witness and the defendant. *Id.* at 665, 172 Cal.Rptr. 850. The appellate court concluded that the defendant's right to confrontation had been denied. *Id.* at 671, 172 Cal.Rptr. 850. In a more recent decision, *State v. Hill*, the prosecutor placed the courtroom podium between the witness and the defendant during examination. 247 S.W.3d 34, 38–39 (Mo. App. E.D.2008). The appellate court determined that the placement of the podium in this manner abridged the defendant's right to confrontation and that, in the absence of the findings required

Wyo. Stat. Ann. § 7–11–408(d)(i), denial of face-to-face confrontation is permitted only if two conditions are met. The first is that the defendant must be "alleged to have inflicted physical harm or is alleged to have threatened to inflict physical harm upon the child." Here, it is questionable whether this requirement was met. There is no specific allegation of physical harm in the Information and the State did not allege that Mr. Bowser committed or threatened physical harm to DM in support of its motion to permit the videotape deposition.

[¶ 12] The second requirement of the statute that must be satisfied is that "physical or psychological harm to the child is likely to occur if there is a face-to-face confrontation of the child by defendant." Wyo. Stat. Ann. § 7–11–408(d)(i). That statutory requirement is consistent with the United States Supreme Court's decision in *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). In *Craig*, the Supreme Court held that face-to-face confrontation may only be denied where it is necessary to further an important public policy, and where the reliability of the testimony is otherwise assured. *Id.* at 850, 110 S.Ct. at 3166. *Accord, Bush v. State*, 2008 WY 108, ¶ 49, 193 P.3d 203, 214–15 (Wyo.2008). When the important public policy is that of a child's welfare, the Supreme Court stated:

> Denial of face-to-face confrontation is not needed to further the state interest in protecting the child witness from trauma unless it is the presence of the defendant that causes the trauma. In other words, if the state interest were merely the interest in protecting child witnesses from courtroom trauma generally, denial of face-to-face confrontation would be unnecessary because the child could be permitted to testify in less intimidating surroundings, albeit with the defendant present. Finally, the trial court must find that the emotional

distress suffered by the child witness in the presence of the defendant is more than *de minimis, i.e.,* more than "mere nervousness or excitement or some reluctance to testify."

*Craig,* 497 U.S. at 856, 110 S.Ct. at 3169 (quoting *Wildermuth v. State,* 310 Md. 496, 530 A.2d 275, 286 (1987)). The district court did not make any finding that this requirement had been satisfied. More significantly, there was no evidence in the record that would support that finding. The State did not present any evidence on the issue. In the absence of such a finding, and evidence to support it, we are forced to conclude that Mr. Bowser was denied his right of face-to-face confrontation.

[¶ 13] Use of the deposition in lieu of trial testimony is governed by Wyo. Stat. Ann. § 7–11–408(e). Before the deposition may be introduced at trial the judge must find, after a hearing, that "[a] potential physical or psychological harm to the child is likely to occur if the child is required to testify which would effectively render the child incapable to testify at the trial." Wyo. Stat. Ann. § 7–11–408(e)(iv).[7] The court made no specific findings and there was no evidence presented by the State in support of its request to use the deposition in lieu of DM's testimony. The State apparently concedes that the district court did not make any specific findings as required by the various subsections of Wyo. Stat. Ann. § 7–11–408. According to the State: "the district court has implicitly adopted the States [sic] uncontroverted showing that a videotape deposition was both in DM's best interest as well as that she would be effectively rendered incapable of testifying." Even if we were to agree that "implicit findings" were sufficient to satisfy the statutory mandate, there is no evidence in the record to support those findings. In the absence of any evi-

---

by *Maryland v. Craig,* this violation was improper. *Id.* at 41. *Romero v. State* involved not a full physical barrier, but a "disguise" worn by the witness. 173 S.W.3d 502, 503 (Tex.Crim.App. 2005). This disguise consisted of "dark sunglasses, a baseball cap pulled down over his forehead, and a long-sleeved jacket with its collar turned up and fastened so as to obscure [the witness]'s mouth, jaw, and the lower half of his

nose." *Id.* The court determined that the disguise was an unjustified violation of the defendant's right to confrontation. *Id.* at 505–06.

7. This requirement is identical to the factual finding that the court must make prior to ordering the video deposition. Wyo. Stat. Ann. § 7–11–408(c)(iii).

dence satisfying the requirement of Wyo. Stat. Ann. § 7–11–408(e)(iv), we conclude that the district court erred in permitting DM's testimony to be presented by video deposition.

[¶ 14] Having found that there was a failure to comply with Wyo. Stat. Ann. § 7–11–408, we must determine whether the error was harmless. The State bears the burden of establishing that an error violating a defendant's constitutional right to confront adverse witnesses is harmless beyond a reasonable doubt. *Vigil v. State*, 2004 WY 110, ¶ 19, 98 P.3d 172, 179 (Wyo.2004); *Coy v. Iowa*, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 2803, 101 L.Ed.2d 857 (1988). In conducting our analysis, we must disregard DM's testimony entirely. "An assessment of harmlessness cannot include consideration of whether the witness' testimony would have been unchanged, or the jury's assessment unaltered, had there been confrontation; such an inquiry would obviously involve pure speculation, and harmlessness must therefore be determined on the basis of the remaining evidence." *Id.* at 1021–22, 108 S.Ct. at 2803. We agree. Any attempt to determine the impact of DM's testimony had it occurred in open court or had Mr. Bowser been afforded face-to-face confrontation would "involve pure speculation," and we will not consider DM's testimony in determining whether the error was harmless beyond a reasonable doubt.

[¶ 15] Mr. Bowser was convicted of two counts of immoral or indecent acts against DM. The evidentiary support for those convictions, according to the State, was testimony that Mr. Bowser masturbated in DM's presence. DM was the only witness who testified that she was present. Absent DM's testimony, Mr. Bowser's conviction cannot stand. At most, the remaining evidence establishes that Mr. Bowser masturbated in his home, and that he viewed pornography, but it does not establish that DM was present during those incidents. Neither activity is sufficient to sustain convictions for indecent acts with a minor if the minor is not present. It is impossible for this Court to conclude beyond a reasonable doubt that the violations of Mr. Bowser's Sixth Amendment rights

were harmless. In light of our resolution of the issues regarding the video deposition of DM, it is not necessary to address the remaining issues Mr. Bowser presents.

[¶ 16] Reversed and remanded for further proceedings consistent with this opinion.